RAFAEL OJEDA MARTÍNEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 747.—*Sometido:* Febrero 8, 1929. *Resuelto:* Febrero 27, 1929.

*Carlos J. Torres* y *Rafael Buscaglia,* abogados del recurrente; el Registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El artículo 170 del Reglamento para la Ejecución de la Ley Hipotecaria lee en parte como sigue (bastardillas nuestras):

"El juez examinará el escrito y los documentos que lo instruyan, y si considera cumplidos los requisitos legales, sin más trámites, dictará auto, mandando requerir a los que, según la certificación del registro, estuvieren en posesión de los bienes hipotecados, ora los conserve el deudor, ora se hayan transmitido a tercero en todo o en parte, para que dentro de treinta días verifiquen el pago de la suma reclamada con las costas, si también estuviesen hipotecariamente garantidas, *bajo apercibimiento de procederse a la subasta de los bienes hipotecados.*"

El registrador de la propiedad se negó a inscribir una escritura otorgada por el márshal, fundándose en que la orden de requerimiento insertada en el procedimiento ejecutivo sumario no contenía el apercibimiento estatutorio.

 La orden en cuestión, después de referirse ligeramente a "la ley aplicable al caso," ordena que el secretario expedirá el correspondiente mandamiento de requerimiento dirigido al márshal de cierta corte de distrito, a fin de que el márshal a su vez requiera el pago de los demandados dentro de treinta días a partir de la fecha de tal requerimiento, todo de acuerdo con lo que prescribe la ley. El mandamiento expedido por el márshal contiene una copia *verbatim* de la orden suscrita por el juez de distrito y está seguida de instrucciones de hacer el requerimiento correspondiente, de entregar a la parte demandada una copia de la demanda y de los documentos que a la misma se acompañan, y de devolver el mandamiento, debidamente diligenciado. El diligenciamiento del márshal que aparece en el mandamiento demuestra que se hizo un requerimiento de pago, el cual debía efectuarse a partir de dicho requerimiento, sin mencionar el término dentro del cual debía efectuarse tal pago. También se señala como un error adicional para negarse a inscribir esta escritura el haber dejado el márshal de informar a los de-

mandados que deberían efectuar el pago dentro del término de treinta días.

La teoría del recurrente es que el haber dejado el márshal de informar a los demandados el término dentro del cual deberían efectuar el pago, no vicia el procedimiento, en vista de que la orden de la corte contenía tal información. Esta sugestión es por lo menos más plausible que la otra contención de que la omisión del apercibimiento estaturio de la orden fué suplida por un apercibimiento *verbatim* a que se hace referencia en el diligenciamiento del mandamiento.

La ley no dice que la corte ordenará al secretario que instruya al márshal que le informe al demandado o demandados que a menos que efectúen el pago dentro de treinta días los bienes hipotecados serán vendidos en pública subasta. Tampoco el mandamiento expedido por el secretario en el presente caso contiene tal orden. Lo que la ley exige es un requerimiento de pago formal, acompañado del apercibimiento estatutorio, y que la orden de la corte contenga ambas cosas. Pero aún si la orden dirigida al secretario ordenándole que expida el correspondiente mandamiento se considera que cumple substancialmente con el estatuto, el márshal ciertamente no puede suplir la omisión contenida en el mandamiento relativa a un apercibimiento formal, mediante un mero apercibimiento verbal.

Las condiciones precedentes a una ejecución de hipoteca y venta de conformidad con la Ley Hipotecaria, son pocas y sencillas, pero en vista de la naturaleza sumaria y prácticamente *ex parte* del procedimiento, estos requisitos jurisdiccionales deben ser observados estrictamente. De lo contrario el resultado sería una venta judicial nula. *Arvelo et al.* v. *Banco Territorial y Agrícola* 25 D.P.R. 728; *Polanco* v. *Goffinet et al.*, 29 D.P.R. 120; *López et al.* v. *Quiñones*, 30 D.P.R. 342; y *Cortés et al.* v. *Díaz et al.*, 31 D.P.R. 454.

*Debe confirmarse la nota recurrida.*