The Federal Land Bank of Baltimore, recurrente, *v.* El Registrador de la Propiedad de Guayama, recurrido.

No. 833.—*Sometido:* Febrero 12, 1931. *Resuelto:* Mayo 20, 1931.

*C. Domínguez Rubio,* abogado del recurrente; el registrador recu-
rrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

⌐ Este era originalmente un procedimiento ejecutivo
sumario en que el acreedor logró que se hiciera un requeri-
miento a Félix Ramiú y su esposa, por figurar el referido
Félix Ramiú en el registro de la propiedad como dueño de
la finca hipotecada. Empero, el acreedor sabía que la pro-
piedad había sido enajenada a José Roche Morales, aunque
la venta no estaba inscrita. En vez de requerir a este úl-
timo, al igual que lo había hecho con Ramiú, el acreedor alegó
en la demanda el hecho de la enajenación y solicitó que se
notificara de dicha demanda al aludido José Roche Morales,
así como a un segundo acreedor hipotecario. El márshal
correspondiente notificó al ameritado José Roche Morales
con copia de la demanda, de conformidad con la orden de
la corte. Se celebró la subasta pública. Le fué adjudicada
la finca al acreedor, the Federal Land Bank of Baltimore.
El márshal otorgó escritura de dicha propiedad a favor del
Federal Land Bank.

Se denegó la inscripción de la escritura, substancialmente
por no haberse hecho el requerimiento en forma provisto por
el artículo 170 del Reglamento de la Ley Hipotecaria.

Llegamos a la conclusión de que bajo el dicho artículo
170, las únicas personas con derecho al requerimiento son
aquéllas que tienen sus títulos inscritos. En lo que a las
demás respecta, una simple notificación de los procedimien-
tos es bastante. El registrador arguye que como el acree-
dor tenía conocimiento de la venta, el comprador tenía de-
recho a ser requerido; que el comprador no podía ser con-
siderado como un tercero, y otros argumentos que huelga
reproducir. Es cierto que el acreedor que tenía conoci-
miento de la venta no podía perfeccionar su título sin dar
algún aviso al comprador, pero las únicas personas con de-
recho a un requerimiento en forma son las que tienen sus
fincas inscritas. *Ojeda* v. *El Registrador de Guayama,* 39

D.P.R. 239. En lo que atañe a cualquier persona, los requisitos de notificación y de oportunidad de ser oída son cumplidos suficientemente con la entrega de copia de la demanda. Nada hay en el caso de *Arroyo* v. *Zavala,* 40 D.P.R. 269, en sentido contrario.

*Debe revocarse la nota recurrida y devolverse los documentos para ulteriores procedimientos no incompatibles con esta opinión.*