Santiago Ramón Robles, peticionario, *v.* La Corte de Distrito de Mayagüez, Hon. Charles E. Foote, Juez, demandada.

No. 895.—*Sometido:* Abril 3, 1933. *Resuelto:* Julio 28, 1933.

*Pascasio Fajardo Martínez,* abogado del peticionario; *José Sabater,* abogado de la interventora Moral & Co., S. en C.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Los hechos alegados en la petición en torno a la oposición presentada por Moral & Compañía nos convencen de que el auto de *certiorari* expedido debe ser anulado.

---

* Nota: Véase el prefacio.

■■ María Concepción de Latorre inició procedimiento en la Corte de Distrito de Mayagüez bajo el proceso sumario de la Ley Hipotecaria contra Alejandro Marini, en cobro de $2,343.36, etc. Se expidió requerimiento contra el deudor, se efectuó una subasta y la propiedad fué adjudicada a Santiago Ramón Robles por la cantidad de $200.

Moral & Compañía tenía una segunda hipoteca contra el mismo deudor e instó un pleito ordinario en cobro de ella. Parece que la propiedad fué adjudicada a la misma Moral & Compañía. El título así adquirido fué inscrito en el registro de la propiedad.

Cuando Santiago Ramón Robles, quien había comprado la propiedad a virtud de la primera hipoteca, compareció en el registro presentando su título, la inscripción le fué negada a causa de la anterior inscripción hecha por Moral & Compañía. Basándose en el artículo 71 de la Ley Hipotecaria y la decisión de esta corte en el caso de *Federal Land Bank of Baltimore* v. *Registrador,* 42 D.P.R. 284, Santiago Ramón Robles solicitó de la Corte de Distrito de Mayagüez que dictase una orden requiriendo a Moral & Compañía a pagar el importe de la deuda o de lo contrario disponiendo que se cancelara la inscripción a su favor en el registro de la propiedad.

En respuesta a esa solicitud Moral & Compañía presentó una oposición bastante elaborada. Entre otras cosas, demostró, o trató de demostrar, que el primer acreedor hipotecario había convenido aplazar el pago de la hipoteca, y que después de la venta se acordó que la misma fuera rescindida y que la propiedad le fuese devuelta a Marini; en otras palabras, Moral & Compañía alegó una transacción. Como resultado de esta oposición la Corte de Distrito de Mayagüez señaló una vista sobre las cuestiones o controversias suscitadas. La Corte de Distrito de Mayagüez desestimó la moción de Santiago Ramón Robles por varios motivos: primero, porque los pagarés objeto del procedimiento ejecutivo no fueron acompañados al escrito inicial y, segundo, la corte entró en una discusión de la evidencia a fin de demostrar

que Santiago Ramón Robles, por razón de la transacción efectuada, y por otros motivos, no tenía derecho a comprar la propiedad en cuestión. En este tribunal la interventora llama la atención hacia el hecho de que Santiago Ramón Robles no tenía derecho a pedir que se le pagara la cantidad de $2,343.36, toda vez que $200 fué todo lo que él pagó por la compra de la finca. La contención principal del peticionario en este caso es que de acuerdo con el artículo 175 de la Ley Hipotecaria el procedimiento ejecutivo no debe ser interrumpido por, digamos, procedimientos colaterales.

El peticionario en este *certiorari* dice que Moral & Compañía no tenía interés para comparecer en el procedimiento, pero nos parece de por sí evidente que lo tenía. El peticionario sostiene que carece de todo otro remedio. Sin tratar de indicar cuál debe ser el remedio, nos sentimos obligados a resolver, tal cual lo hemos resuelto, que podía entablarse una apelación cuando está envuelto el artículo 71 de la Ley Hipotecaria. *González Cádiz* v. *Ortiz,* resuelto el 24 de junio de 1933 (ante pág. 287).

*Debe anularse el auto de "certiorari" librado.*