WILLIAM F. LIPPITT, demandante y apelante, *v.* CONCHA (NICOLASA) LLANOS, demandada y apelada.

No. 6209.—*Sometido:* Diciembre 15, 1933. *Resuelto:* Julio 24, 1934.

 

L. *Freyre Barbosa,* abogado del apelante; *Samuel R. Quiñones,* abogado de la ápelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

 En un pleito de desahucio, después de oír la prueba de ambas partes, la Corte de Distrito de San Juan resolvió el mismo a favor de la demandada, fundada en la teoría de que había un conflicto de títulos y, por ende, que el procedimiento de desahucio no era el adecuado. La demanda aduce, en efecto, que el demandante era el dueño del solar que se describe; que lo cedió en arrendamiento a Valentín Cruz, hijo de la demandada; y que éste, con el consentimiento del demandante, construyó una casa en dicha finca; que posteriormente el demandante entabló pleito contra Valentín Cruz en cobro de los cánones de arrendamiento y obtuvo sentencia a su favor; que la mencionada casa fué vendida en pública subasta por el márshal y que no habiéndose presentado postor alguno al acto de la subasta, se solicitó por el abogado del demandante la adjudicación de la mencionada casa por el importe de su reclamación.

La demanda entonces continúa aduciendo que la casa está ocupada por Concha Llanos, madre del demandado (*sic*), quien se niega a celebrar contrato de arrendamiento alguno o a desalojar la misma, dejándola a la libre disposición de su dueño, el demandante, disfrutándose por consiguiente dicha finca en precario. La demanda fué contestada con una negativa general y con la alegación de que la casa es propiedad de la demandada, toda vez que la misma fué edificada a sus expensas y con materiales propios.

Durante el juicio, el demandante ofreció prueba tendente a demostrar que había cedido en arrendamiento la propie-

dad a Valentín Cruz, quien, mientras se hallaba en Puerto Rico, pagó la renta de la misma y que después que éste se fué su madre pagó los cánones a nombre del hijo; y también que la finca estaba alquilada a nombre de Valentín Cruz; que ella siempre representaba a su hijo. También hubo otra prueba tendente a demostrar que la casa fué edificada por el hijo.

La demandada ofreció prueba tendente a demostrar que ella siempre había vivido en la casa en cuestión; que ésta nunca perteneció a Valentín Cruz; que cuando su hijo salió para Nueva York ella pagaba el arrendamiento, pero siempre a nombre de su hijo; que ella nunca había pagado las contribuciones de la propiedad. Ella también hizo la muy importante aseveración de que su hijo había tomado la finca en arrendamiento a fin de que ella pudiera construir la casa allí. También se ofreció el testimonio de un carpintero al efecto de que la casa fué construída enteramente por Concha (Nicolasa) Llanos con sus propios peculios. En realidad, para los fines de esta opinión, podría admitirse que ella estableció que la casa fué construída por ella, mas en los autos no aparece el menor indicio de prueba al efecto de que el demandante tuviera otra idea que no fuera la de que Valentín Cruz fué quien edificó la casa, en armonía con el consentimiento obtenido del demandante.

El único título posible que podría surgir en la demandada en este caso sería por razón de la accesión mencionada en los artículos 360 y siguientes del Código Civil. El artículo 360 establece la regla general en la siguiente forma:

"La propiedad de los bienes, ya sean muebles o inmuebles, lleva consigo el derecho por accesión, a todo lo que ellos producen, o se les une o incorpora, natural o artificialmente."

En otras palabras, que lo accesorio sigue a lo principal.

Las excepciones a esta regla las establece el artículo 370 así:

"El dueño del terreno en que se edificare, sembrare o plantare de buena fe, tendrá derecho a hacer suya la obra, siembra o plantación,

previa la indemnización establecida en los artículos 455 y 456 del Capítulo III, Título V, o a obligar al que fabricó o plantó, a pagar el precio del terreno, y al que sembró, la renta correspondiente.''

Los derechos concedidos por este artículo son en uno u otro caso el de indemnización a la persona que ha edificado en la propiedad o el de indemnización al dueño del terreno. No aparece, por lo menos necesariamente, que contra el dueño surja un verdadero derecho. Asumiendo, sin embargo, que la persona que construye de buena fe adquiere un buen título, no obstante, las disposiciones del artículo 371 leen como sigue:

"El que edifica, planta o siembra de mala fe en terreno ajeno pierde lo edificado, plantado o sembrado sin derecho a indemnización.''

Desde luego, de ordinario la ley es que se presume la buena fe, mas esta presunción queda destruída cuando se construye una casa en solar ajeno. Entonces incumbe a la persona que edificó la casa demostrar que ella lo hizo de buena fe. En este caso aparece enteramente lo contrario. La demandada declara que su hijo tomó el solar en arrendamiento con el propósito de que ella pudiera construir sobre el mismo una casa. Puede admitirse que la demandada creyó que ella tenía derecho a fabricar la casa, mas cuando ella alega y sostiene que su hijo tomó en arrendamiento la propiedad con el objeto de permitirle a ella construir una casa sobre el mismo, el resultado no es buena fe, sino mala fe. Nadie tiene derecho a tomar en arrendamiento una finca con el propósito de permitir a un tercero que construya una casa en el mismo, especialmente si el tercero más tarde va a tratar de sostener un título, o así lo hace. Sin embargo, aun con la admisión de parte de la demandada, quienquiera que fabrique una casa sin permiso sobre terrenos pertenecientes a otro, no actúa de buena fe. El caso no ofrece una excepción a la regla de que lo accesorio sigue a lo principal.

Éste no es un caso en que, asumiendo la posibilidad de

título, la demandada haya presentado prueba tendente a demostrar tal título, toda vez que de la prueba no existe, ni podría existir, el mismo. La contención en oposición es que el demandante carecería de remedio porque la evidencia ofrecida por la demandada, de probar algo, tiende a demostrar un título completo a la casa en favor de ella, y el demandante en ese caso nunca podría obtener una sentencia contra la demandada, ni mediante un procedimiento de desahucio ni a virtud de uno de reivindicación. Podemos agregar que lo que la demandada ofreció en este caso fué evidencia para probar todo su título, suponiendo que lo tenga.

En la Ley de Desahucio no hay disposición alguna a virtud de la cual las cortes están impedidas de resolver en cualquier caso los derechos de un demandante, ora el demandado alegue un título o no. Lo que la Corte Suprema de España ha hecho, al igual que nosotros, es resolver que cuando surge un conflicto de título, el demandante debe acudir a un pleito ordinario y no al de desahucio. Este principio no debe ser extendido a casos en que no hay posibilidad de título en favor de la parte demandada. El demandante en este caso quizá hubiera tenido derecho a considerar la propiedad como suya, si hubiese sabido que fué construída por alguien que alegaba tener el título de la misma. El demandante, sin embargo, creyó que la casa le pertenecía a Valentín Cruz y procedió a ejecutar la misma en una acción en cobro de cánones de arrendamiento. Sea ello como fuere, el título a la casa bajo la teoría del demandante o de la demandada, pertenece ahora al primero.

*La sentencia apelada debe ser revocada y en su lugar dictarse otra ordenando el desahucio de la demandada.*

Los Jueces Presidente Señor del Toro y Asociado Señor Hutchison, disintieron.*

---

* NOTA: Véase el prefacio.