NATIVIDAD CANDELARIO DALMAU, demandante y apelante, *v.* ROSA PURA y ANGELINA RIVERA SANTAMARÍA, NICOLASA MORALES y DOMINGO QUIÑONES VICENTI, demandados y apelados.

No. 6557.—*Sometido:* Marzo 5, 1935. *Resuelto:* Abril 3, 1935.

*B. F. Pacheco,* abogado de la apelante; *Federico García Veve,* abogado de los apelados.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Versa este pleito sobre nulidad de un procedimiento ejetivo hipotecario y fué fallado sobre las alegaciones en contra de la demandante.

En la demanda se alega substancialmente que la demandada Rosa Pura Rivera inició el procedimiento cuya nulidad se pide contra Nicolasa Morales para ejecutar un crédito hipotecario que ésta constituyó a favor de Angelina Rivera en garantía de seiscientos veinte dólares, intereses y costas, sobre un solar situado en Santurce, San Juan, cuyo crédito fué cedido por su dueña a Domingo Quiñones y por éste a la demandada, vendiéndose finalmente el solar hipotecado para el pago del crédito; que en el solar enclava una casa "que en la fecha que se constituyó la hipoteca era y actual-

mente es propiedad de la demandante y no de doña Nicolasa Morales, que constituyó la referida hipoteca gravando las edificaciones que tuviera la referida parcela, no habiendo en dicha parcela de terreno ninguna edificación que fuera propiedad de doña Nicolasa Morales,'' hecho del que los demandados Rosa Pura Rivera, Angelina Rivera, Nicolasa Morales y Domingo Quiñones tenían conocimiento personal, no obstante lo cual se ha notificado a la demandante para que desaloje la casa, y que la ejecutante Rosa Pura Rivera tenía ''conocimiento personal, al tiempo de hacer la ejecución, que la demandante había comprado la antes descrita parcela de terreno pero no había inscrito la escritura en el registro, y no obstante esto la demandante no fué hecha parte en el procedimiento ni requerida de pago, sino que solamente se le notificó el procedimiento, para que tuviese conocimiento del mismo.''

Las demandadas Rosa Pura y Angelina Rivera excepcionaron la demanda por falta de hechos suficientes para determinar una causa de acción y la corte declaró con lugar la excepción dictando sentencia en los siguientes términos:

''En este caso la demandante alega que era dueña de cierta finca hipotecada por anteriores dueños, pero que no aparecía inscrita en el Registro de la Propiedad a favor de la demandante. Que la acreedora hipotecaria ejecutó la hipoteca por el procedimiento sumario y se limitó con notificar de los procedimientos a la ahora demandante, sin hacerla parte demandada en el procedimiento ejecutivo, a pesar de que la acreedora sabía que la demandante aunque sin título inscrito, era dueña de la finca. Se solicita ahora la nulidad del procedimiento ejecutivo por el fundamento antes expuesto. La demandada interpuso excepción previa y citó en apoyo de la misma el caso de *Federal Land Bank of Baltimore* v. *Registrador*, 42 D.P.R. 284, de cuyo *syllabus* tomamos lo siguiente:

'' 'Bajo el artículo 170 del Reglamento de la Ley Hipotecaria las únicas personas con derecho al requerimiento formal de pago son aquéllas que tienen sus títulos inscritos en el registro. En lo que a las demás respecta, una simple notificación de los procedimientos es bastante, cumpliéndose suficientemente los requisitos de notificación

y oportunidad de ser oído con la entrega de copia de la demanda en el procedimiento sumario hipotecario.'

''Sometida la excepción previa, por la autoridad del caso antes citado la Corte la declara con lugar, pero como la demanda no es susceptible de enmienda, es inútil conceder un plazo para enmendar, procediendo por tanto dictar sentencia y por la presente la dictamos, declarando sin lugar la demanda con las costas a la demandante.''

No conforme la demandante, interpuso el presente recurso de apelación. Sostiene que la corte erró al decidir que la demanda no aduce causa de acción, ni es susceptible de enmienda.

De lo hecho constar en la sentencia se deduce claramente que la atención de la corte estuvo solamente fija en la falta de requerimiento.

Si dicha falta fuera la única cuestión envuelta en el recurso, debería éste declararse sin lugar de acuerdo con la ley y lo resuelto por esta corte en el caso que se cita.

Pero en la demanda se alega además que con anterioridad a la constitución de la hipoteca y por consiguiente a la venta no inscrita aún del solar por Tomasa Morales a la demandante, ésta era dueña de una casa enclavada en el solar que fué indebidamente ejecutada y de la cual se le quiere hacer salir.

Y si ello es así y si, como se alega además, de ello tenían conocimiento personal los demandados, es por lo menos dudoso que la casa quedara hipotecada.

Citan los apelados para sostener que procede la confirmación de la sentencia recurrida lo resuelto por esta Corte Suprema en el caso de *Schuck* v. *Verdejo*, 43 D.P.R. 955, a saber: ''Cuando un predio de terreno se vende directamente o en subasta, la presunción controvertible es que tal venta lleva consigo todo lo enclavado en él, y esta presunción no fué destruída por las manifestaciones contenidas en el récord en el sentido de que la demandada construyó la casa y era dueña de la misma'', y lo decidido en el de *Lippitt* v. *Llanos,* 47 D.P.R. 271, como sigue: ''La propiedad de los bienes, ya

sean muebles o inmuebles, lleva consigo el derecho por accesión, a todo lo que ellos producen o se les une o incorpora, natural o artificialmente.''

Pero véase que esta corte dijo ''presunción controvertible'', y aquí la presunción hasta ahora está controvertida por la afirmación que contiene la demanda respecto al conocimiento que tenían los demandados de que la casa en cuestión era de la propiedad de la demandante.

Bajo las circunstancias concurrentes, parece lo justo dejar que el pleito continúe y la prueba se encargue de establecer o destruir definitivamente el derecho de la demandante.

Desde luego que eliminada la cuestión de nulidad por falta de requerimiento, el procedimiento hipotecario seguido para la ejecución del crédito sobre el solar aunque se concluyera que la casa no fué hipotecada, no sería nulo en su totalidad. Lo sería sólo en parte—ejecución de la sentencia en cuanto a la casa—si el derecho de la demandante sobre la casa prevalece. El hecho de que la demandante comprara finalmente el solar gravado ya con la hipoteca, no varía la condición jurídica de la casa si es verdad que lo único que se hipotecó fué el solar con el conocimiento personal de los dueños de la hipoteca de que la casa que en él existía no estaba comprendida en la misma.

Por virtud de todo lo expuesto, *debe declararse con lugar el recurso y revocarse la sentencia recurrida, con permiso a la demandante para enmendar su demanda eliminando de ella la causa de nulidad por falta de requerimiento, de manera que el debate judicial quede circunscrito a si la casa de que se trata quedó o no afectada por la hipoteca.*