ASUNCIÓN AYALA, demandante y apelada, *v.* JOSÉ DOLORES FLORES y SEVERIANA LÓPEZ, demandados y apelante el primero.

Núm. 6830.—*Sometido:* Enero 20, 1937.  *Resuelto:* Febrero 4, 1937.

*Antonio Quirós Méndez* y *José E. Segarra,* abogados del apelante;
*Aureliano Rivas Rosario,* abogado de la apelada.

El Juez Asociado Señor Travieso, emitió la opinión del tribunal.

El Banco de San Juan, dueño de un predio de 95,856 metros cuadrados de terreno, constituyó hipoteca sobre el mismo a favor de Bernabé Sabalier para garantizar a éste el pago de siete pagarés. Con posterioridad al otorgamiento de la hipoteca el Banco segregó del citado predio y vendió a la demandante un solar de 124.80 metros cuadrados, haciendo constar que sobre la propiedad vendida no existía edificación alguna. Dueña ya de dicho solar, la demandante edificó sobre el mismo una casa de madera de un valor de $1,000.

La Sucesión de Bernabé Sabalier, dueña de los últimos cuatro pagarés hipotecarios del Banco de San Juan, fué demandada por un abogado en cobro de honorarios. Adjudicados dichos cuatro pagarés en pago de la sentencia por honorarios, el abogado adquirente de los mismos los endosó a la demandada Severiana López. Ésta ejecutó la hipoteca sumariamente a virtud de procedimiento seguido contra el Banco de San Juan y terceros adquirentes de las diversas porciones segregadas del predio hipotecado, entre los que figuró la demandante.

En su *primera causa de acción* alega la demandante que ella no fué requerida de pago ni se le hizo el *apercibimiento* ordenado por la corte; que el solar de la demandante fué vendido en pública subasta y adjudicado y vendido en 21 de septiembre de 1928 a la demandada Severiana López; y que la subasta, el remate y la adjudicación del solar son actos

nulos e inexisténtes, por no haberse practicado el requerimiento y apercibimiento de la demandante.

En la *segunda causa de acción* se reproducen los hechos de la primera, y se alega que en 31 de enero de 1931 la Corte de Distrito de San Juan dictó sentencia por la que declaró nulos e inexistentes la adjudicación de los cuatro pagarés al abogado Quiñones y el endoso que éste hizo de dichos documentos a la demandada Severiana López; que la apelación interpuesta fué desestimada por frívola por sentencia del Tribunal Supremo de fecha marzo 16, 1932, la que fué notificada a todas las partes y es firme (Véase: *Fernández* v. *Abella Blanco, et al.,* 43 D.P.R. 218); y que habiéndose declarado inexistente el título de Severiana López como acreedora hipotecaria, el procedimiento ejecutivo es también nulo e inexistente.

Como *tercera causa de acción,* después de reproducir los hechos que ya hemos expuesto, se alega "que al ser vendido el solar de la demandante, no se tasó, ni se vendió el solar con la casa, sino el solar solamente, y no se pagó a la demandante el valor de la casa"; y que por esos alegados motivos el remate, la adjudicación y la venta a la demandada son actos nulos.

Como *cuarta causa de acción* alega la demandante que en marzo 1, 1930, la demandada Severiana López vendió la casa y solar al demandado José Dolores Flores, quien desde esa fecha entró en posesión de la finca.

En la *quinta causa de acción* se alega que el demandado Flores está detentando la posesión del inmueble; que desde febrero, 1929, hasta la fecha de la demanda el demandado ha recibido la suma de $800 por alquileres de la casa y solar; y que dicho demandado ha destruído la casa construída por la demandante y se ha apropiado los materiales de la misma.

Pide la demandante se dicte sentencia declarando nulos todos los procedimientos y títulos mencionados en la exposición de hechos que antecede; que se la declare dueña y se le reponga en la posesión del inmueble; que se condene al

demandado Flores a pagar a la demandante $1,000 como valor de la casa destruída y $800 por alquileres; y que se condene a ambos demandados al pago de las costas.

Negaron los demandados los hechos esenciales de la demanda y como defensas especiales alegaron: (1) insuficiencias de los hechos alegados para constituir causa de acción; (2) que la sentencia de nulidad del traspaso de los pagarés a los abogados no afectó en absoluto la validez del procedimiento ejecutivo sumario promovido por Severiana López contra la demandante Asunción Ayala, ni confirió a ésta derecho alguno, por no haber sido parte en el pleito en que se dictó dicha sentencia, ni afectó los derechos del demandado Flores, quien tampoco fué parte en dicho pleito; (3) que la demandante está impedida de reclamar por las accesiones y mejoras que contenía el solar, (a) por no haber reclamado antes o en el acto de la subasta de la finca; y (b) por no haberse expresado en la escritura del Banco a la demandante que el solar no contenía construcciones de ninguna especie, y por no haberse notificado la inscripción de la venta a los acreedores hipotecarios anteriores, tal como se exige por el artículo 163 del Reglamento de la Ley Hipotecaria.

La corte de distrito dictó sentencia por la que declara nulos los procedimientos y títulos que constituyen la base de los alegados derechos de los demandados y condena al demandado Flores a pagar a la demandante, como valor de la casa destruída, la cantidad de $383 e intereses legales desde julio 1°. de 1931. Ambos demandados fueron condenados al pago de costas y honorarios de abogado. Contra esa sentencia se ha interpuesto el presente recurso.

Los nueve errores señalados pueden reducirse a dos, así:

1. Erró la corte al admitir en evidencia una copia de la Relación del Caso, Opinión y Sentencia dictada en el caso civil de *Antonia Fernández González* v. *López Cosme & Cía.*, pleito núm. 7180.

2. Fué error de la Corte al declarar nulo el procedimiento ejecutivo sumario, basándose para ello en la nulidad del requerimiento hecho a la demandante Asunción Ayala.

Los discutiremos en el mismo orden en que los hemos expuesto.

1.—De la transcripción de autos aparece que en el acto de la vista el abogado de la demandante manifestó que deseaba ofrecer en evidencia la opinión y sentencia dictada en el pleito núm. 7180 de *Antonia Fernández* v. *Cosme López & Cía.,* pero que no estando el caso en el archivo por tenerlo en su poder la corte, ofrecía la copia que le había sido entregada. Se opuso el abogado de los demandados alegando que ninguno de los dos aquí demandados lo habían sido en el pleito núm. 7180, y además, que dicho caso no tenía relación alguna con el de autos. La resolución de la corte, admitiendo la copia ofrecida como prueba, dice así:

"Oídas las partes y admitiéndose que la copia presentada es una fiel y exacta de la Relación del Caso y Opinión y Sentencia en el caso de *Antonia Fernández González* v. *Cosme López y Cía.,* Civil núm. 7180 sobre Nulidad de Subasta y otros extremos, en la que fué desestimada una apelación interpuesta contra la sentencia por el demandado, siendo firme; y por cuanto el procedimiento núm. 6805 de cuya nulidad allí se trató aparece establecido por Severiana López, que fué luego sustituída por Cosme López y Co., siendo Severiana López una demandada en este caso, la Corte admite el documento para darle el valor probatorio que tenga, y se marca Exhibit 4."

En su alegato arguyen los apelantes que el documento en cuestión no era admisible, por no ser ni el original ni una copia certificada por el Secretario. Esa objeción es tardía. Debieron formularla los demandados en el momento en que se ofreció el documento en evidencia, para que la corte inferior hubiese tenido una oportunidad de resolver sobre los méritos de la oposición. Al no hacerlo así renunciaron la objeción por el fundamento indicado y aceptaron el documento ofrecido en evidencia como una copia fiel y exacta de su original.

El otro motivo de oposición, el de que los demandados no habían sido parte en el pleito núm. 7180, carece de fundamento. Del mismo documento admitido en evidencia

consta que Severiana López fué demandada en dicho pleito, dejó sin contestar la demanda y se le anotó la rebeldía; que más tarde ella y el demandado Samuel R. Quiñones contestaron la demanda enmendada; que en 14 de agosto de 1929, con el consentimiento de ambos demandados, se ordenó la sustitución de Quiñones y Severiana López por la Sociedad Cosme López y Cía., por ser dicha sociedad la dueña en aquella fecha de los pagarés hipotecarios cuya venta en pública subasta se trataba de anular. Es evidente que Severiana López fué parte en el pleito núm. 7180; que tuvo una oportunidad de defenderse y de defender dentro de dicho pleito su derecho a instituir el procedimiento ejecutivo sumario que instituyó en 16 de mayo de 1928 contra Asunción Ayala y otros para la ejecución de los mismos pagarés, y la adjudicación que se le hiciera del solar de la demandante. Si la demandada Severiana López tuvo a bien retirarse como demandada de dicho pleito núm. 7180, en el que se discutía el título sobre los mismos pagarés que habían servido de base para el procedimiento ejecutivo seguido por ella en contra de Asunción Ayala, debemos resolver que dicha demandada está ahora impedida de alegar que la sentencia dictada en dicho pleito y admitida como prueba en el presente, no puede perjudicarle. [3, 4] El demandado José Dolores Flores, quien adquirió la finca envuelta en esta acción por venta que le hiciera la demandada Severiana López en marzo 1º. de 1930, no puede tener un derecho superior al de su vendedora. Y si ésta carecía de título válido y suficiente sobre los pagarés hipotecarios para promover legalmente el procedimiento ejecutivo y para justificar la venta y la adjudicación de la finca de la demandante, su cesionario adquirió la finca sujeta a las mismas causas de nulidad que pudieran invocarse en contra de su vendedora. No cometió error la corte al admitir el *exhibit* núm. 4, ni tampoco al resolver que el procedimiento ejecutivo es nulo por carecer Severiana López de título legal sobre los pagaré garantizados por la hipoteca.

■■ El certificado de diligenciamiento del requerimiento ordenado por la corte en el procedimiento ejecutivo sumario seguido por *Severiana López* v. *Asunción Ayala,* lee así:

"CERTIFICADO DE DILIGENCIAMIENTO.—CERTIFICO: que el mandamiento expedido en fecha 16 de mayo del 1928, por don Luis Vergne Ortiz, como Secretario encargado de los asuntos civiles de la Corte de Distrito de San Juan, en el juicio ejecutivo del título de este certificado, ha sido diligenciado por mí, en este día y término municipal, en cuanto al demandado (*sic*) Asunción Ayala, entregándole copia del mandamiento diligenciado y copia de este certificado, firmada por mí y fechada, esta última.—San Juan, P. R., 22 de mayo del 1928.—Eduardo Urrutia, Márshal.—Por: (Fdo.) Manuel Prida, Márshal-Auxiliar."

Ni del certificado que acabamos de transcribir ni de la prueba practicada aparece que el márshal de la corte hiciera el requerimiento de la deudora hipotecaria Asunción Ayala que prescribe el artículo 170 del Reglamento para la Ejecución de la Ley Hipotecaria y que le fué ordenado por el auto expedido por la corte de distrito.

En *Ojeda* v. *Registrador*, 39 D.P.R. 241, en el certificado de diligenciamiento del márshal constaba que éste hizo un requerimiento de pago, el cual debía efectuarse a partir de dicho requerimiento, pero no mencionaba el término dentro del cual debía efectuarse tal pago. En otras palabras, del diligenciamiento no aparecía que el Márshal informara al deudor que debía pagar dentro del término de treinta días. El Registrador se negó a inscribir la escritura otorgada por el márshal, fundándose en que el auto de requerimiento no contenía el apercibimiento estatutario. Al sostener la nota del registrador, esta corte dijo:

" . . . Lo que la ley exige es un requerimiento de pago formal, acompañado del apercibimiento estatutario, y que la orden de la corte contenga ambas cosas. Pero aun si la orden dirigida al secretario ordenándole que expida el correspondiente mandamiento se considera que cumple substancialmente con el estatuto, el márshal ciertamente no puede suplir la omisión contenida en el mandamiento relativa a un apercibimiento formal, mediante un mero apercibimiento verbal.

"Las condiciones precedentes a una ejecución de hipoteca y venta de conformidad con la Ley Hipotecaria, son pocas y sencillas, pero en vista de la naturaleza sumaria y prácticamente *ex parte* del procedimiento, estos requisitos jurisdiccionales deben ser observados estrictamente. De lo contrario el resultado sería una venta judicial nula. *Arvelo et al.* v. *Banco Territorial y Agrícola,* 25 D.P.R. 728; *Polanco* v. *Goffinet et al.,* 29 D.P.R. 120; *López et al.* v. *Quiñones,* 30 D.P.R. 342; y *Cortés et al.* v. *Díaz et al.,* 31 D.P.R. 454."

De acuerdo con la jurisprudencia citada, para que un requerimiento sea válido y suficiente para conferir jurisdicción a la corte sobre la persona del demandado es necesario: 1, que por el auto se ordene (*a*) requerir al que estuviere en posesión de la finca hipotecada para que dentro de treinta días verifique el pago de la suma reclamada con las costas, y (*b*) bajo apercibimiento de procederse a la subasta de los bienes hiptecados; y 2, que el Márshal cumpla formalmente la orden, haciendo el requerimiento y el apercibimiento en la forma dispuesta por la corte. Cuando el márshal, como en el presente caso, se limita a entregar al deudor una copia del mandamiento diligenciado, con copia del certificado de diligenciamiento, el auto de requerimiento queda incumplido, la corte no adquiere jurisdicción sobre la persona del deudor y como consecuencia todos los actos subsiguientes carecen de validez y fuerza legal y deben ser declarados nulos.

No erró la corte inferior al declarar nulo el procedimiento hipotecario y nulas la venta del solar a la ejecutante Severiana López y la venta hecha por ésta al otro demandado José Dolores Flores. Éste adquirió la finca con conocimiento de las constancias del registro y a sabiendas de que la validez de su título dependía de la validez del procedimiento ejecutivo seguido contra la anterior dueña. Véase: *Anaud* v. *Martínez,* 40 D.P.R. 669.

*Por las razones expuestas se confirma la sentencia apelada.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.