Eusebio Morales, Etc., demandantes y apelados, *v.* Severiana López, La O Flores Salazar, José Dolores Flores, Cosme López Negrón, Antonio Quirós Méndez, Rafael Rivera Zayas y P. R. House Improvement and Building Co., demandados y apelantes.

Núm. 8181.—*Sometido:* Julio 8, 1940. *Resuelto:* Julio 10, 1940.

*R. Rivera Zayas* y *José E. Segarra,* abogados de los apelantes; *A. Rivas,* abogado de los apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Los apelados han radicado por tercera vez una moción solicitando se desestime el recurso de apelación interpuesto por los demandados La O Flores Salazar, José Dolores Flores y P. R. House Improvement & Building Co., únicos apelantes en este caso, fundándose dicha moción en que el recurso es frívolo y en que los apelantes han sido negligentes en la prosecución del mismo, habiendo transcurrido con exceso el término de noventa días que prescribe el artículo 59 del reglamento de este tribunal desde que se estableció el recurso

el 13 de septiembre del año pasado, sin que hasta la fecha se haya perfeccionado la apelación.

En nuestra resolución de 5 de junio último, por la que denegamos la reconsideración de la de 29 de mayo de 1940, refiriéndonos a estos dos motivos de desestimación, dijimos:

"Por resolución del 29 del mes pasado denegamos la desestimación: en cuanto al primer fundamento, por estimar que las constancias de los autos no nos ponían en condiciones de resolver que el recurso fuese del todo frívolo, ya que entre los pronunciamientos de la sentencia apelada se halla uno que condena a los apelantes a pagar a los apelados determinada suma por concepto de frutos o rentas percibidos o debidos producir; y no disponíamos de una transcripción de evidencia que nos permitiera determinar si la cantidad concedida por tal concepto al demandante estaba o no justificada por la prueba.

"En cuanto al segundo fundamento, resolvimos que si bien no dudábamos que el recurso no había sido proseguido con la debida diligencia, sin embargo, como de los autos aparecía que ya se había radicado la transcripción de evidencia y que la corte *a quo* había señalado fecha para la vista relativa a su aprobación, siguiendo la muy laudable práctica de los tribunales de resolver por sus méritos los asuntos siempre que sea posible hacerlo sin detrimento de la justicia, haciendo uso de la discreción que el artículo 59 del Reglamento de este Tribunal nos concede, denegamos la moción de desestimación en cuanto a uno y otro fundamentos 'sin perjuicio de que una vez radicada la transcripción de evidencia puedan reproducirla si lo estiman conveniente.' "

No tenemos duda alguna, como hemos venido sosteniendo en este caso, que el recurso es frívolo, y llegamos a esa conclusión después de estudiar los autos y considerar que las cuestiones aquí suscitadas son exactamente las mismas que se suscitaron y fueron resueltas adversamente a los apelantes en el caso de *Asunción Ayala* v. *José Dolores Flores y Severiana López,* 50 D.P.R. 873, en el cual se trataba de la nulidad del mismo procedimiento ejecutivo hipotecario de que se trata en este caso, por razones idénticas a las aquí alegadas.

A la actual moción de desestimación los apelados han acompañado una certificación del taquígrafo de la corte sentenciadora en la que aparecen las declaraciones de ciertos testigos que declararon con respecto a las rentas del inmueble en controversia, prueba que sirvió de base a la corte sentenciadora para hacer el pronunciamiento de frutos que aparece en la sentencia apelada. Sin embargo, como opinamos que no es ésa la forma autorizada por la ley para traer a este tribunal la prueba presentada en la corte inferior, preferimos basar esta resolución en el segundo fundamento invocado por los apelados, o sea en que el recurso no ha sido proseguido con la debida diligencia, conforme dispone el artículo 59 del reglamento de este tribunal.

De las certificaciones constantes en los autos de este caso, resulta lo siguiente: que el 5 de agosto de 1939 se dictó sentencia en este caso a favor de los demandantes, la cual fué notificada a los demandados el 15 del mismo mes. Contra dicha sentencia apelaron los demandados La O Flores Salazar, José Dolores Flores y P. R. Improvement & Building Co. el 13 de septiembre de 1939, no habiendo establecido recurso alguno los demás demandados.

El 21 del mismo mes de septiembre los apelantes antes indicados solicitaron de la corte sentenciadora que ordenara al taquígrafo la preparación de la transcripción de evidencia, excluyendo de la misma la prueba documental que sería preparada por ellos, y la corte así lo ordenó dos días más tarde, o sea el 23 de septiembre de 1939, venciendo por tanto el término de veinte días dentro del cual debía quedar radicada la transcripción, el 13 de octubre siguiente.

Los apelantes no radicaron la transcripción en la fecha mencionada ni solicitaron prórroga para ello hasta el 19 de octubre de 1939 en que vencido ya el término por seis días, solicitaron una prórroga de treinta días que les fué concedida. Asumiendo que la prórroga hubiese sido solicitada en tiempo y que el 19 de octubre fuese el último día para presentar la transcripción de acuerdo con la orden anteriormente

dictada, esta nueva prórroga de treinta días a contar del 19 de octubre debió vencer el 18 de noviembre. Sin embargo, no fué hasta el 13 de diciembre de 1939 que los apelantes solicitaron otra prórroga de treinta días. Luego solicitaron **prórrogas de treinta días cada una, en enero 13, febrero 10, marzo 12 y abril 13 de 1940**, todas ellas fuera de término. La última, solicitada el 13 de abril de 1940, fué denegada por orden de 17 del mismo mes y notificada en igual fecha. Seis días después de notificada dicha orden, o sea el 23 de abril de 1940, los apelantes solicitaron su reconsideración, la que fué denegada el 25 de abril de 1940. El 26 de abril último los apelantes solicitaron que se les concediera un nuevo y último término de treinta días para radicar la transcripción. En el acto de la vista de dicha moción, los apelantes informaron a la corte que la habían radicado, por lo que, en resolución de 17 de mayo de 1940, se les concedió el nuevo término, dando por radicada la transcripción de evidencia y señalando el 24 de mayo de 1940, a las nueve de la mañana, para la vista relativa a su aprobación.

Al llamarse a la vista de la aprobación de la transcripción de evidencia el 24 de mayo último, los apelantes, por medio de su abogado Sr. José Segarra, solicitaron la suspensión del acto hasta que fuera resuelta por este Tribunal Supremo la segunda moción de desestimación a que antes hicimos referencia.

Se señaló el 31 de mayo para la nueva vista relativa a la aprobación de la transcripción. En dicha fecha comparecieron las partes y los demandantes apelados presentaron un escrito sometiendo enmiendas, a las que se allanaron los **demandados apelantes**, ofreciendo que harían las enmiendas solicitadas por los apelados, ordenando la corte que se practicaran dichas enmiendas, señalándose nuevamente el 7 de junio último, a las 9 a. m., para la vista relacionada con la aprobación de la transcripción. El 4 de junio último los apelantes radicaron en la corte inferior una moción solicitando la suspensión de la vista del caso y una prórroga para

preparar la transcripción enmendada, en la que solicitaron de la corte de distrito les concediera en definitiva y como último término, un plazo de treinta días para dejar terminada la transcripción enmendada, moción que fué denegada el mismo día, notificándose inmediatamente a las partes. El 7 de junio los apelantes informaron a la corte que habían presentado la transcripción de evidencia enmendada, solicitando su aprobación, y habiendo informado los apelados al tribunal que no se habían practicado tales enmiendas, solicitaron que no se aprobara la transcripción. La corte denegó la aprobación y no concedió prórroga para presentarla de nuevo.

Arguyen los apelantes que contra la resolución de la corte inferior denegando la aprobación de la transcripción de evidencia han interpuesto recurso de apelación para ante este tribunal. Asumiendo que la resolución indicada fuese apelable, tal procedimiento dilataría innecesariamente la prosecución de este caso, puesto que no se ha seguido el remedio rápido y adecuado que para aprobar la transcripción de evidencia, cuando se niega a ello el juez sentenciador, ofrece el reglamento de este tribunal. Como podrá verse por lo expuesto, los apelantes, desde que fueron notificados de la sentencia contra ellos dictada, han dilatado sistemáticamente y sin necesidad alguna la prosecución de este pleito.

El artículo 59 del reglamento de este tribunal dispone que expirado el término de noventa días desde la fecha en que se presentare el escrito de apelación y *no obstante las prórrogas concedidas por la corte inferior,* el tribunal, a discreción, podrá desestimar una apelación que no haya sido anteriormente registrada en este tribunal si se probare satisfactoriamente que el apelante no la ha proseguido con la debida diligencia o de buena fe.

En el presente caso resulta que la sentencia fué apelada el 13 de septiembre de 1939, y que hasta esta fecha, 10 de julio de 1940, después de haber transcurrido nueve meses veintisiete días, no se ha radicado todavía la transcripción

de evidencia. No podemos en manera alguna encontrar justificación para la tardanza que ha habido en este caso y sólo nos la explicamos por el hecho de que, como alegan los apelados, los apelantes están en posesión de la casa que fué motivo del pleito y percibiendo sus rentas, en detrimento de los intereses de los apelados.

*Procede, por lo expuesto, desestimar el recurso por no haber sido proseguido con la debida diligencia, todo de acuerdo con el artículo 59 del reglamento de este tribunal.*