EUSEBIO MORALES, ETC., demandantes y apelados, *v.* SEVERIANA
LÓPEZ, ET ALS., demandados; PILAR SORIA, interventora y
apelante.

Núm. 8333.—*Sometido:* Abril 28, 1941. *Resuelto:* Mayo 8, 1941.

*Víctor Rivera Colón,* abogado de la apelante; *Aureliano Rivas Ro-
sario,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tri-
bunal.

En el caso de autos, la Corte de Distrito de San Juan
dictó sentencia a favor de los demandantes en agosto 5 de
1939. Apelaron algunos de los demandados, y el recurso fué
considerado frívolo y desestimado por resolución de julio 10
de 1940 (57 D.P.R. 301), remitiéndose el mandato a la corte
inferior el 16 de noviembre del mismo año.

En diciembre 4 de 1940, cuando ya se había ejecutado y
cumplido en todas sus partes la sentencia, Pilar Soria radicó
ante la corte inferior una moción solicitando permiso para
intervenir en el procedimiento y contestar la demanda. Dicha
moción fué acompañada de otra titulada "Moción de nulidad
y de anulación de todo lo actuado" y de una contestación. En
diciembre 20 de 1940, la corte inferior, después de oír a las

partes y sin que se sometiera a su consideración evidencia alguna, declaró sin lugar la moción por considerar que había sido presentada tardíamente. . En diciembre 23 de 1940 se notificó a Pilar Soria la resolución y se archivó en autos copia de la notificación. El 30 del mismo mes Pilar Soria solicitó la reconsideración de la resolución. En enero 2, 1941, la corte inferior rechazó de plano la moción de reconsideración. El 17 de enero de 1941, Pilar Soria apeló para ante esta Corte Suprema.

El día 6 de marzo de 1941, los demandantes apelados radicaron una moción para que se desestime el recurso (a) porque la resolución denegando la intervención no es apelable; (b) porque aun cuando dicha resolución fuera apelable, el recurso fué interpuesto después de vencido el término legal fijado por el artículo 295(3) del Código de Enjuiciamiento Civil, cuyo término no fué interrumpido por la interposición de la moción de reconsideración, por haber sido ésta rechazada de plano; (c) porque la apelante no ha radicado la transcripción del récord; y (d) porque el recurso es claramente frívolo.

Creemos innecesario entrar a discutir y resolver los tres primeros fundamentos de la moción, porque a nuestro juicio la frivolidad del recurso es tan clara y aparente que procede su desestimación.

En el párrafo primero de su moción de intervención, dice la apelante:

"Que durante la tramitación de este juicio adquirió la finca que es objeto de los procedimientos judiciales de reivindicación y la cual fué ordenada entregar a la parte demandante, y le ha sido entregada en efecto."

De los autos aparece que la demanda de reivindicación fué radicada en la Corte de Distrito de San Juan el día 6 de diciembre de 1937 y que el día 7 del mismo mes dicha demanda fué anotada en el Registro de la Propiedad de acuerdo con las disposiciones del artículo 91 del Código de Enjuiciamiento Civil. Si la apelante, según ella alega, adqui-

rió la propiedad durante la tramitación del pleito sobre nulidad de procedimiento ejecutivo hipotecario, de la venta y de su inscripción y sobre reivindicación y daños,. entablado contra sus antecesores en título, es evidente que ella adquirió la propiedad con conocimiento de la pendencia de dicho pleito, según lo dispuesto en el citado artículo 91.. Pudo la apelante intervenir en el procedimiento en cualquier momento durante su pendencia, y no lo hizo. Su petición de intervención, radicada cuando ya la sentencia había sido ejecutada mediante la entrega a los demandantes de la posesión de la finca por ellos reivindicada y la inscripción de su derecho en el Registro, fué interpuesta tardíamente y no erró la corte inferior al declararla sin lugar. Véase: artículo 72, Código de Enjuiciamiento Civil; *Reyes & Pagán* v. *Corte,* 52 D.P.R. 654; y *Carrasquillo* v. *Ripoll y Maldonado,* 56 D.P.R. 395, en donde se sostuvo que procede intervenir en un pleito no obstante haberse dictado y ejecutado la sentencia en el mismo, cuando la sentencia que pueda recaer o dictarse en el incidente de intervención en manera alguna afecte la ya dictada y ejecutada en el pleito principal, circunstancia que no concurre en el caso de autos, pues el objeto principal de la intervención es solicitar la nulidad de todos los procedimientos y que se deje sin efecto la sentencia ya ejecutada.

*Por las razones expuestas debe desestimarse por frívolo el recurso.*