726

José R. Martínez Rodríguez, demandante y apelante, v. The Federal Land Bank of Baltimore, demandado y apelado.

Núm. 9363.—*Sometido:* Noviembre 14, 1946. *Resuelto:* Diciembre 5, 1946.

*E. Pérez Casalduc,* abogado del apelante; *Frank Martínez, Sebastián García Díaz, M. García del Rosario* y *Miguel Santoni,* abogados del apelado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En 24 de septiembre de 1929, el demandante adquirió por compra a la sociedad Norberto García, S. en C., un condominio equivalente a tres cuartas partes proindivisas en una finca que se encontraba afecta a una hipoteca constituída por

uno de los anteriores dueños del inmueble a favor de The Federal Land Bank of Baltimore. En la escritura se hizo constar que el comprador se reservaba $6,077.04, como parte del precio de compra, para pagar la parte que le correspondía en la hipoteca.

En la demanda interpuesta por el comprador José R. Martínez, en contra del Banco, para recobrar daños y perjuicios de acuerdo con el artículo 169 del Reglamento de la Ley Hipotecaria, se alega que el 10 de agosto de 1932 el Banco inició un procedimiento sumario para la ejecución del crédito hipotecario; que después de haber transcurrido el término concedido a los demandados en el requerimiento de pago, el Banco radicó una moción en la que hizo constar que en la escritura por la cual José R. Martínez adquirió la finca. hipotecada se estipuló que el adquirente se reservaba cierta cantidad de dinero para hacer pago del crédito hipotecario, razón por la cual debía ser notificado del procedimiento; que la corte ordenó que se notificara al adquirente de la finca, orden que fué cumplida por el márshal en 21 de enero de 1933, entregando al aquí demandante una copia del escrito inicial, del mandamiento del secretario y del requerimiento de pago; que dos días después de haber sido así notificado el demandante, el Banco solicitó de la corte que ordenase la venta en pública subasta de la finca hipotecada, por haber transcurrido los 30 días concedidos a los que figuraban como demandados para pagar las sumas reclamadas, sin que así lo hubieran hecho; que dos días más tarde la corte ordenó la venta, la que tuvo lugar el 27 de febrero de 1933, siendo adjudicada la finca al Banco ejecutante por la suma de $500 para abonar al importe de su reclamación; que en virtud de dicho procedimiento el demandante fué privado y desposeído de su condominio desde el 6 de abril de 1933; que el Banco tuvo conocimiento de la adquisición hecha por el demandante el mismo día que se otorgó la escritura, por ser el notario que autorizó la misma, en aquella fecha, abogado y agente

del Banco en Arecibo y, además, porque la sociedad vendedora le puso en conocimiento de la venta el mismo día del otorgamiento de la escritura; que las actuaciones del Banco ejecutante fueron actos maliciosos y negligentes que han ocasionado al demandante daños y perjuicios por valor de $70,000.

Contestó el Banco negando específicamente los hechos esenciales expuestos en la demanda y como defensas especiales alegó: (a) que el demandante nunca inscribió en el registro su supuesto derecho dominical y que en consecuencia, habiendo sido notificado con treinta y tres días de anticipación al de la venta en pública subasta, se le dió el aviso y la oportunidad a que hubiera tenido derecho en el caso de que hubiese sido el dueño del condominio; (b) que el demandante es culpable de falta de diligencia (*laches*), pues habiendo sido notificado del procedimiento en el año 1933 no tomó acción alguna para proteger su alegado derecho hasta octubre de 1944 en que radicó su demanda; (c) que el demandante hizo una renuncia (*waiver*) de su derecho, si alguno tenía, en abril de 1933; y (d) que la demanda no aduce hechos suficientes para constituir causa de acción. El Banco demandado interpuso además una reconvención por un total de $15,614.65.

En la vista celebrada ante la corte inferior las partes admitieron que la escritura por la cual el demandante adquirió el condominio de ¾ partes de la finca ejecutada nunca fué inscrita en el Registro de la Propiedad.

El presente recurso ha sido interpuesto por el demandante contra la sentencia por la que se declaró sin lugar la demanda, con las costas al demandante. La única cuestión a resolver es si la corte sentenciadora erró al resolver que procedía declarar sin lugar la demanda por aparecer de la prueba que el título de adquisición del demandante no había sido inscrito; y que por esa circunstancia—la falta de inscripción del título—el Banco ejecutante no estaba obligado a

solicitar y obtener una orden para que el demandante' fuese requerido al pago del crédito hipotecario.

La cuestión ha sido levantada ante esta Corte en numerosas ocasiones, resolviéndose en *Torres* v. *Lothrop, Luce & Co. et al.,* 16 D.P.R. 180 (231 U.S. 171) que el acreedor que ejecuta solamente tiene que prestar atención al deudor que figura en el registro, no importa el conocimiento que dicho acreedor tuviera de convenios celebrados entre el deudor y otra persona. En *Federal Land Bank* v. *Registrador,* 42 D.P.R. 284, el registrador se. había negado a inscribir el título de un adquirente en subasta celebrada en un procedimiento sumario, por la razón de que el ejecutante sabía que la finca había pasado a tercera persona, la cual no había sido requerida de pago, por lo que, a juicio del registrador, el título resultaba nulo. En dicho caso, como en el presente, el adquirente no fué requerido de pago, pero fué notificado por el márshal con copia de la demanda. Al revocar la nota recurrida dijimos:

"Llegamos a la conclusión de que bajo el dicho artículo 170, las únicas personas con derecho al requerimiento son aquéllas que tienen sus títulos inscritos. En lo que a las demás respecta, una simple notificación de los procedimientos es bastante. . . . . . Es cierto que el acreedor que tenía conocimiento de la venta no podía perfeccionar su título sin dar algún aviso al comprador, pero las únicas personas con derecho a un requerimiento en forma son las que tienen sus fincas inscritas. *Ojeda* v. *El Registrador de Guayama,* 39 D.P.R. 239. En lo que atañe a cualquier persona, los requisitos de notificación y de oportunidad de ser oída son cumplidos suficientemente con la entrega de copia de la demanda."

La misma doctrina fué aplicada en los casos de *Dalmáu* v. *Rivera,* 48 D.P.R. 331 y *Annoni* v. *Sucesión Nadal,* 59 D.P.R. 640.

El demandante en este caso fué notificado con copia de la demanda 37 días antes de la fecha en que se llevó a efecto la venta en pública subasta de la finca hipotecada. Tuvo amplia oportunidad para pagar la suma adeudada al Banco

o para ejercitar cualquier acción que fuere procedente para la protección de su alegado derecho; y nada hizo. Si algún daño ha sufrido el demandante, ese daño ha sido resultado directo de su inactividad y no el de acto u omisión alguno por parte del Banco ejecutante. No erró la corte inferior al declarar sin lugar la demanda.

*La sentencia recurrida debe ser confirmada.*

El Juez Asociado Sr. Snyder no intervino.