María Laureano, demandante y apelada, *v.* Luis Díaz, demandado y apelante.

No. 6983.—*Sometido:* Mayo 29, 1935. *Resuelto:* Junio 21, 1935.

*R. Díaz Cintrón,* abogado del apelante; *E. Flores Colón,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

María Laureano ejercita acción de desahucio contra Luis Díaz, alegando que posee a título de arrendamiento cierto solar que se describe en la demanda, perteneciente a la Iglesia Católica, Apostólica y Romana de Puerto Rico, que el demandado tiene instalada en dicho solar una casa que cubre una superficie como de 50 varas cuadradas, sin autorización ni consentimiento de la demandante y sin título alguno para ello, y que, habiendo sido requerido para que desocupe la porción de ese solar, el referido demandado se ha negado a desocuparla. Solicita la demandante se dicte sentencia ordenando al demandado que deje libre y expedita la parte del solar de la demandante que ocupa con su casa, apercibiéndolo de lanzamiento si no lo verifica dentro del término señalado por la ley.

El demandado en su contestación alega, entre otras cosas, que en 9 de abril de 1934 adquirió la casa en cuestión por compra a Balbino Lebrón y su esposa María Segarra, quienes a su vez la hubieron de Antonia Díaz Ramos, arrendataria del solar al Obispado de Puerto Rico. Continúa alegando el demandado que la compraventa de esta casa se verificó de una manera real y absoluta, con todos los usos, servidumbres y derechos anexos a la misma, adquiridos por el vendedor de dicha Antonia Díaz Ramos, con el derecho de arrendamiento que de dicho solar tenían los anteriores dueños por una suma mensual de $1.50 que satisfacían a la Iglesia Católica, Diócesis de San Juan, Puerto Rico.

La corte inferior dictó sentencia declarando con lugar la demanda y ordenando el lanzamiento del demandado del solar descrito en la demanda, "sobre el cual tiene instalada una casa de madera el referido demandado, sin autorización ni consentimiento de la demandante y sin título para ello."

El demandado atribuye a la corte inferior varios errores que exponen con cierta vaguedad los motivos que sirven de base al recurso de apelación. Argumentando el cuarto motivo de error, basado en que no se aducen por el demandante hechos bastantes para determinar una causa de acción, nos dice el apelante que la demanda ha debido ser declarada sin lugar ante el aparente conflicto de títulos, que no deben ser ventilados dentro de los sumarios trámites del procedimiento de desahucio, y que las cuestiones de propiedad no son materias a decidir en juicios de esta naturaleza, por ser un procedimiento especial y único para recuperar la posesión de algún inmueble y lanzar de él a quien lo detente sin título.

La cuestión de cesión de derechos de arrendamiento no surge en este caso de las alegaciones de la demanda, sino de la prueba practicada. La demandante se limita a alegar que posee a título de arrendamiento de la Iglesia Católica, Apostólica y Romana de Puerto Rico el solar que se describe en la demanda, sin especificar que ese arrendamiento lo obtuvo por cesión de Antonia Díaz, quien fué arrendataria de dicho solar.

La prueba demuestra que en 29 de julio de 1921, el demandado Luis Díaz vendió a Antonia Díaz una casa de madera por la cantidad de $200; que en 3 de diciembre de 1931 Antonia Díaz vendió a los esposos Balbino Lebrón y María Segarra la referida casa por la cantidad de $113; que en 9 de abril de 1934 el demandado Luis Díaz volvió a adquirir de los esposos Lebrón Segarra, por la suma de $60, la misma casa que había vendido en 1921. El solar donde radica esta casa, que mide 10 metros de frente por 20 de fondo, pertenece a la Iglesia Católica y ha sido arrendado por un canon mensual de $1.50, Cuando Antonia Díaz vendió a Balbino Lebrón, éste se hizo cargo de pagar el canon de arrendamiento; cuando Lebrón vendió a Luis Díaz, éste contrajo idéntico compromiso. Lebrón pagó algunas mensualidades

y dejó de pagar después. Luis Díaz declara que pagó $4.50 al cobrador de la Iglesia Católica, a quien dijo que le fuese abonando esos meses, permitiéndole abonar algo cada vez que viniese.

La casa vendida por el demandado Luis Díaz en 1921 fué la única construída en el solar arrendado a la Iglesia Católica hasta que Balbino Lebrón, que adquirió en 1931, autorizó la construcción de otra casa que más tarde fué vendida a la demandante María Laureano con permiso del referido Lebrón. Este último testigo declaró sobre estos hechos, sin que su testimonio haya sido contradicho.

Así las cosas y a raíz de adquirida la antigua casa por el demandado Luis Díaz, María Laureano, a sus espaldas, prometió pagar y pagó los cánones de arrendamiento vencidos que Lebrón primero, y Díaz después, debieron satisfacer, y obtuvo de Antonia Díaz una cesión del contrato de arrendamiento. Cuando esta cesión se hizo, habían transcurridos más de dos años desde que Antonia Díaz vendió la casa, se fué de allí y no volvió más a ese sitio, según resulta de su propio testimonio. El comprador Lebrón quedó encargado de satisfacer el canon de arrendamiento. El contrato no sufrió alteración alguna. El canon original convenido continuó siendo el mimo. Lebrón satisfizo las primeras mensualidades al Obispado y dejó de pagar después. La verdad es que Antonia Díaz, al vender su casa, transmitió en una forma u otra el arrendamiento del solar a Balbino Lebrón, y que más tarde cedió ese mismo arrendamiento a la demandante María Laureano, cuando había dejado de ser dueña de la casa y de tener interés en conservar el solar. El título de Balbino Lebrón, causante del demandado, puede ser inferior o superior al título de la demandante María Laureano; pero entendemos que no es un procedimiento de desahucio el juicio adecuado para resolver cuál es el título que debe prevalecer. El mismo administra-

dor .de la Iglesia nos dice que si hubiese sabido que parte del solar o el solar en su totalidad hubiese sido traspasado a otra persona, se hubiese abstenido de actuar. De la declaración del Sr. Cecilio Kercadó, administrador de los bienes de la Iglesia, copiamos lo siguiente:

"P. ¿En el Obispado hubo algún traspaso de Antonia Díaz a favor de alguna otra persona que no fuera María Laureano?

"R. No, señor.

Dte. No, señor.

"P. Ud. tendría la bondad de informar a la corte si Ud. hubiera aceptado . . . .

Dte. Va a establecer una cosa hipotética.

"P. ¿Antonia Díaz aparecía siendo la arrendataria?

"R. Sí, señor.

"P. Uds. tenían conocimiento de que ella había traspasado . . .

"R. No, señor.

"P. ¿Si Uds. hubieran sabido esto hubieran hecho Uds. el traspaso?

Dte. Nos oponemos, es una cosa hipotética.

"P. ¿Si Ud. hubiera sabido eso hubiera Ud. traspasado con esa facilidad el derecho de arrendamiento?

"R. Primeramente la cuenta estaba atrasada. Si yo hubiera sabido que Antonia Díaz hubiera cedido parte de ese solar, no hubiéramos hecho el traspaso hasta tanto . . . .

"P. ¿De manera que si hubiera sabido que parte del solar o el solar en totalidad había sido traspasado a otra persona, se hubieran abstenido . . . .

"R. Sí, señor.

"P. ¿De manera que cuando Ud. hizo esta transacción como administrador del Obispado, la hizo de buena fe?

"R. Sí, señor.

"P. ¿De manera que Ud. fué sorprendido en su buena fe?

Dte. Esa es una conclusión."

Las cuestiones que surgen de las alegaciones y la prueba no parecen propias para ser resueltas sumariamente en un procedimiento de desahucio. Ambas partes se basan en un título derivado de Antonia Díaz, arrendataria que fué del solar. Existe un conflicto evidente entre las partes que debe

ser resuelto en un juicio plenario y no en una acción suma-
ria de desahucio.

*Debe revocarse la sentencia apelada y dictarse otra en
su lugar desestimando la demanda, sin especial condenación
de costas.*