CORPORACIÓN DE RENOVACIÓN URBANA Y VIVIENDA DE PUERTO RICO, demandante y recurrente, *v.* GUILLERMO ROMÁN y BERNARDO ROMÁN BONILLA, demandados y recurridos.

*Número:* R-70-189        *Resuelto:* 13 de diciembre de 1971

*Raúl Barquet Trujillo, Jorge Santos Santiago, Josefina Ruiz Carrillo, Rafael Oller Monclova, Ildefonso Mora Ramírez, Miguel A. Ruiz Rodríguez, Luis E. Colón Ramery* y *Freddie M. Díaz Maldonado,* abogados de la recurrente.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

La Corporación de Renovación Urbana y Vivienda de Puerto Rico presentó demandas de desahucio en precario contra los recurridos alegando que cada uno de éstos había construido en terrenos de la propiedad de la demandante una estructura que ocupaban contra la voluntad expresa de la demandante y sin mediar pago de canon o merced alguna y sin contrato de ninguna clase. Los demandados al contestar negaron que las referidas estructuras radicaren dentro de los terrenos de la demandante ni que necesitaran autorización de la demandante para la construcción de las estructuras en cuestión, alegando además no estar ocupando los terrenos aludidos en la demanda. Aceptaron, sin embargo, los demandados que no pagaban canon o merced alguna y que tampoco

existía contrato alguno que justificase su ocupación del terreno. Como defensas especiales los demandados adujeron que dichas estructuras les pertenecían en pleno dominio, y que por tal razón existía un genuino conflicto de título que debía dilucidarse en un pleito plenario y no en el de desahucio.

Oída la prueba ofrecida por las partes, el tribunal de instancia determinó (1) que la demandante es dueña de los terrenos sobre los que enclavan las estructuras que utilizan los demandados como vivienda; (2) que los demandados son dueños respectivos de dichas estructuras las que habían construido éstos hacía más de seis meses; y (3) que nadie intervino con éstos para la fecha en que construyeron las mismas.

En base a las determinaciones precedentes el tribunal a quo desestimó las demandas de desahucio al concluir que habiéndose controvertido la presunción de ley de que las casas pertenecen al dueño del terreno, opera la presunción de que la construcción en terreno ajeno fue hecha de buena fe por los demandados. Estimando el tribunal sentenciador que tal situación planteaba una cuestión de título que ameritaba una indemnización a los dueños de las casas, por ser éstos poseedores de buena fe, determinó que no puede ventilarse la cuestión dentro del procedimiento sumario de desahucio.

La cuestión a resolver por nosotros es si estuvo justificado el tribunal de instancia al determinar que existía un conflicto de título entre las partes que hace improcedente el procedimiento sumario de desahucio bajo las circunstancias presentes en este caso.

Es doctrina general establecida por este Tribunal que los conflictos de título no pueden dilucidarse en el juicio de desahucio por ser éste uno de carácter sumario en que únicamente se trata de recobrar la posesión de un inmueble por quien tiene derecho a ella. *Negrón* v. *Corujo,* 67 D.P.R. 398 (1947); *Escudero* v. *Mulero,* 63 D.P.R. 574 (1944); *Palermo* v. *Corte,* 58 D.P.R. 189 (1941); *Rivera* v. *Santiago,* 56 D.P.R. 381 (1940); *González Martínez* v. *Marvel,* 56

D.P.R. 466 (1940) ; *González* v. *Colón*, 49 D.P.R. 557 (1936) ; *Brunet* v. *Corte*, 45 D.P.R. 901 (1933). A tono con tal doctrina si un demandado en desahucio produce prueba suficiente que tienda a demostrar que tiene algún derecho a ocupar un inmueble y que tiene un título tan bueno o mejor que el del demandante surge un conflicto de título que hace improcedente la acción de desahucio. *Escudero* v. *Mulero*, supra. Tal conflicto, hemos resuelto, debe ser dilucidado en el juicio declarativo correspondiente, *González* v. *Colón*, supra; *Laureano* v. *Díaz*, 48 D.P.R. 705 (1935) ; *Brunet* v. *Corte*, supra; *Ermita de Ntra. Sra. del Rosario* v. *Collazo*, 41 D.P.R. 596 (1930) ; pero no debemos extender este principio a casos en que no hay posibilidad de título en favor de la parte demandada. *Lippitt* v. *Llanos*, 47 D.P.R. 269 (1934).

La situación clásica que hemos considerado frecuentemente en casos de desahucio que plantea un conflicto de título surge entre dos partes que se disputan el título de cierto terreno. *Laureano* v. *Díaz*, supra; *González* v. *Colón*, supra; *P.R. Leaf Tobacco Co.* v. *Colón*, 50 D.P.R. 303 (1936) ; *Negrón* v. *Corujo*, supra; *Brunet* v. *Corte*, supra; *Escudero* v. *Mulero*, supra; *Vélez* v. *Franqui*, 82 D.P.R. 762 (1961).

Claramente ésa no es la situación ante nos en el presente caso. Ésta envuelve la ocupación por el demandado de una estructura de vivienda que alegadamente le pertenece y que radica en terrenos de la demandante. En el pasado hemos distinguido entre dos modalidades de esta situación que no deben ser confundidas.

■ Una es aquella en que las circunstancias que dieron lugar a la construcción u ocupación de la estructura dentro de terreno ajeno han creado algún derecho de título a favor del ocupante que amerita se le considere constructor o poseedor de buena fe. Habiendo buena fe, el dueño del terreno tiene el derecho a hacer suyas las estructuras previo el pago a los dueños de las mismas del costo de los materiales y de la mano de obra, o del costo de reproducción de ellas al momento en que

el dueño del terreno ejercitare su derecho, deduciendo la depreciación, lo que resultare mayor, o a obligar a los que fabricaron a pagar el precio del terreno. Código Civil, 1930, Arts. 293, 297 (31 L.P.R.A. secs. 1146, 1164). Dicho derecho de opción concedido al dueño del terreno contra el poseedor de buena fe debe ejercitarse mediante la acción accesoria. Código Civil, supra, Art. 287 *et seq.* (31 L.P.R.A. sec. 1131 *et seq.*). Por consiguiente, no procede en tales casos la acción sumaria de desahucio.

Examinemos los casos que hemos resuelto donde impera esta primera modalidad y en los que hemos denegado la acción de desahucio.

En *Rivera* v. *Santiago*, supra, los demandados habían construido una vivienda con permiso del dueño original hacía muchos años. Dijimos entonces que el *consentimiento* del dueño convertía la construcción en una de buena fe lo que daba lugar a un conflicto de título, por lo que el desahucio no procedía. En *González Martínez* v. *Marvel*, supra, la demandada había adquirido por compra hacía doce años una vivienda en finca ajena, de manos de quien la había construido quince años antes *con permiso del dueño* de ésta, habiendo el vendedor gozado la posesión, quieta, pública y pacífica como dueño de la misma por dicho período de quince años. Denegamos el desahucio siguiendo la doctrina de conflicto de título ya establecida. En *Palermo* v. *Corte*, supra, las demandadas habían construido una vivienda en terrenos que habían adquirido mediante arrendamiento precisamente para fines de construir una vivienda *con el consentimiento del dueño*. Ante tales circunstancias denegamos el desahucio por el fundamento de que mediando buena fe en la construcción surgía un conflicto de título. En *Pueblo* v. *Carrasquillo*, 58 D.P.R. 176 (1941) existía el *consentimiento* del dueño por lo que también decidimos que no procedía el desahucio por existir conflicto de título.

◼ En los casos citados precedentemente y en los que el desahucio fue denegado por la existencia de un conflicto de título está presente un común denominador consistente en que el demandado o sus antecesores tenían algún tipo de autorización del dueño del terreno que les daba un derecho aparente a la ocupación de la vivienda y por tanto daba lugar a la presunción de buena fe. El conflicto habría de resolverse en un juicio plenario.

◼ La otra modalidad que hemos considerado en el pasado es en la que el demandado se limita a alegar algún título sobre la vivienda objeto del desahucio sin que posea derecho o título alguno que justifique su ocupación del terreno ajeno donde enclava la estructura y la que está representada por la línea de casos que examinamos a continuación. En ellos hemos decretado el desahucio al concluir que no existe conflicto de título alguno entre el demandante y el demandado.

En *Lippitt* v. *Llanos*, supra, nos confrontamos a una situación de hechos similar a la del presente caso. Allí se trataba de una casa construida sobre el solar del demandante. La demandada sostuvo que un hijo tomó en arrendamiento el solar con el objeto de permitirle a ella construir la referida casa sobre el mismo. Por consiguiente, tenía conocimiento de que el solar no pertenecía a su hijo. Concluimos ante esa situación de hechos que la ausencia del permiso del dueño del solar para hacer la edificación resultaba en la mala fe de la construcción. Decidimos allí que la presunción de buena fe quedó destruida al fabricar sin permiso en terreno ajeno. En su consecuencia, la teoría del conflicto de título fue rechazada por este Tribunal y el desahucio fue ordenado.

◼ Igualmente en *Schuck* v. *Verdejo*, 43 D.P.R. 955 (1932) la demandada era dueña de una casa construida sobre un solar del demandante, y en la que había vivido por espacio de treinta años. Ésta no pudo probar contrato ni permiso alguno para permanecer en el terreno. Expresamos entonces que de haber nacido el derecho de contrato o permiso

debió haberlo presentado como defensa. Al no hacerlo, no podía impedir que el dueño recuperara la posesión del sitio valiéndose de un desahucio, a menos que tuviera un título existente. Dijimos entonces que de permitirse alegaciones relativas a un derecho de posesión, sin ser éstas determinadas, se vulneraría el procedimiento de desahucio, y por ende se destruiría el propósito de la ley.

También en *Rubert Hno., Inc.* v. *Hernández*, 43 D.P.R. 960 (1932) los demandados precaristas habían construido con su propio peculio, en terrenos de la demandante, la casa donde residían, y sostuvieron que tenían la autorización de los administradores de la demandante para ocupar dichos terrenos como "arrimados". Dijimos allí que tales hechos no presentaban un color de título en los demandados, lo cual es necesario para que surgiera el conflicto de título que requiere la jurisprudencia. A falta de un permiso específico, no surgió título alguno en los demandados.

En la segunda línea de casos examinados precedentemente, al igual que en el caso de autos, nos encontramos con la figura del precario. La situación del precarista, en la que no puede haber posibilidad de título, ha sido motivo de consideración en repetidas ocasiones por este Tribunal. En estos casos es de perfecta aplicación el procedimiento dispuesto por la Ley de Desahucio(¹) que autoriza la acción por el dueño de una finca contra cualquiera persona que detente la posesión material o disfrute precariamente de la misma sin pagar canon o merced alguna.

---

(¹) "Tienen acción para promover el juicio de desahucio los *dueños* de la finca, los usufructuarios y cualquiera otro que tenga derecho a disfrutarla, y sus causahabientes." Código Enj. Civil, 1933, Art. 620 (32 L.P.R.A. sec. 2821). (Bastardillas nuestras.)

"Procederá el desahucio contra los inquilinos, colonos y demás arrendatarios, los administradores, encargados, porteros o guardianes, puestos por el propietario en sus fincas, *y cualquiera otra persona que detente la posesión material o disfrute precariamente, sin pagar canon o merced alguna.*" Código Enj. Civil, 1933, Art. 621 (32 L.P.R.A. sec. 2822). (Bastardillas nuestras.)

Las disposiciones citadas de la Ley de Desahucio, contenidas además en la Ley de Enjuiciamiento Civil Española, Arts. 1564 y 1565, han sido explicadas por el Tribunal Supremo de España en su sentencia de 3 de mayo de 1963 en la forma siguiente:

"Que el desahucio en precario, para ser eficaz en Derecho, ha de apoyarse en dos fundamentos: de parte del actor, la posesión real de la finca a título de dueño, de usufructuario o cualquier otro que le dé derecho a disfrutarla; y por parte del demandado, la condición de precarista, es decir, según la doctrina jurisprudencial muy reiterada; la ocupación del inmueble sin otro título que la mera tolerancia del dueño o poseedor, ya porque nunca haya tenido título que justifique el goce, o bien porque teniendo en tiempo virtualidad, lo haya perdido."

El tribunal a quo, en el caso que nos ocupa, elabora la teoría de que siendo los demandados dueños de las estructuras en cuestión y habiéndolas construido sin que mediara intervención de persona alguna, ello da lugar a que exista un conflicto de título ya que nuestro Código Civil reconoce al que fabrica de buena fe en suelo ajeno, el derecho a no ser privado de su propiedad sin la correspondiente indemnización. Código Civil, 1930, Art. 297 (31 L.P.R.A. sec. 1164). Sostiene además el tribunal de instancia que la buena fe se presume y la misma no puede ser controvertida en el procedimiento de desahucio.

■ Estamos de acuerdo con que la buena fe se presume mientras no sea controvertida. Código Civil, *supra*, Art. 364 (31 L.P.R.A. sec. 1425). Pero, ésta cesa desde el momento en que el poseedor conoce por sí mismo los defectos del título. Código Civil, *supra*, Art. 293 (31 L.P.R.A. sec. 1146). Y, al determinarse la mala fe, el dueño del terreno en que se haya edificado puede exigir la demolición de la obra reponiendo las cosas a su estado primitivo a costa del que edificó. Código Civil, *supra*, Art. 299 (31 L.P.R.A. sec. 1166).

■ Es evidente que de las propias alegaciones de los demandados, tomadas en conjunto, surge su conocimiento de que

el terreno donde ubican sus estructuras de vivienda es ajeno. Aunque se limitan a cuestionar que dicho terreno pertenezca a la demandante, no afirman, sin embargo, que ellos tengan algún derecho sobre el mismo. Y, como cuestión de derecho, el tribunal a quo concluye que la demandante es dueña del terreno. Es pues forzoso concluir que la construcción de las referidas estructuras fue de mala fe y así lo debió haber determinado el tribunal de instancia.

En *Lippitt* v. *Llanos,* supra, pág. 272, dejamos establecido que "desde luego, de ordinario la ley es que se presume la buena fe, mas esta presunción queda destruida cuando se construye una casa en solar ajeno. Entonces incumbe a la persona que edificó la casa demostrar que ella lo hizo de buena fe."

■ Independientemente de que invocáramos la citada presunción la realidad es que los demandados en el caso de autos son constructores de mala fe por haber construido sin autorización alguna del dueño y a sabiendas de que el terreno no les pertenecía.

■ Es conveniente señalar que no hubo alegaciones ni prueba de los demandados a los efectos de que éstos construyeran a la vista, ciencia o paciencia de la demandante y sin oposición de esta última, por lo que no son de aplicación las disposiciones del Código Civil relativas a la mala fe de ambas partes. (²)

■ El tribunal inferior erró al no entrar en estas consideraciones en el pleito de desahucio. Como dijimos en *Lippitt,* supra, la defensa de conflicto de título no debe ser extendida a casos en que no hay posibilidad de título en favor de la parte demandada. El demandado debe demostrar que tiene al menos

---

(²) "Cuando haya habido mala fe, no sólo por parte del que edifica, siembra o planta en terreno ajeno, sino también por parte del dueño de éste, los derechos de uno y otro serán los mismos que tendrían si hubieren procedido ambos de buena fe.

"Se entiende haber mala fe por parte del dueño siempre que el hecho se hubiere ejecutado a su vista, ciencia o paciencia, sin oponerse." Código Civil, *supra,* Art. 300 (31 L.P.R.A. sec. 1167).

lo que hemos llamado un color de título. *J. González & Co.* v. *Aponte*, 55 D.P.R. 826 (1940); *Rivera* v. *Santiago*, supra. Para determinar si los demandados tenían algún derecho precisaba que el tribunal determinara que eran constructores de buena fe. Evidentemente no lo eran.

Refiriéndose a la condición del precarista el Tribunal Supremo de España ha dejado sentada la doctrina que citamos con aprobación a continuación:

"... si bien es cierto que, según doctrina de esta Sala el procedimiento de desahucio por precario es un juicio sumario y de hecho en el que sólo pueden discutirse las cuestiones que afectan al título en que el actor funda su derecho a poseer y las referentes a la situación del demandado como poseedor material de la cosa, igualmente lo es que para impedir aquellas maniobras de los demandados tendentes a lograr que tal clase de juicios queden virtualmente sin aplicación práctica, esa misma doctrina tiene también establecido, que la acción de desahucio no queda enervada por el mero hecho de que el demandado como precarista alegue la existencia de un título para legitimar su ocupación de la finca, en cuyo caso es perfectamente factible el examinar en esta clase de juicios el título invocado al efecto de denegar el desahucio si del mismo resulta a primera vista cuando menos dudoso el derecho del actor a obtener la efectividad de su derecho a poseer . . . ." Sentencia de 30 de junio de 1966.

El caso de *Ermita de Ntra. Sra. del Rosario* v. *Collazo*, supra, citado por el tribunal a quo es claramente distinguible del de autos. Allí el demandado tenía inscrita la posesión de la estructura objeto del desahucio en el Registro de la Propiedad hacía veintinueve años. Repetimos lo dicho en *Schuck* v. *Verdejo*, supra: "Nos sentimos obligados a resolver que aquella decisión no puede invocarse como autoridad para impedir que un demandante recobre la posesión de sus terrenos bajo los hechos de este caso."

█ Reiteramos una vez más que no puede un demandado utilizar el pretexto de supuestos estados o situaciones carentes de título adecuado para privar de la protección de la ley

a quien ostenta el título, obligándole a que acuda al procedimiento ordinario. *Schuck* v. *Verdejo*, supra.

No podemos sancionar las actuaciones de aquellos que ilegalmente y a su propio riesgo construyan y ocupen estructuras en terrenos ajenos y basados en tal conducta censurable pretendan obstruir, limitar y demorar indebidamente el ejercicio del derecho a desalojo que al dueño y poseedor del terreno le concede la ley.

No existiendo en este caso conflicto de título que impida el procedimiento sumario de desahucio *se revocarán las sentencias apeladas y se dictará otra ordenando el desahucio de los demandados.*

El Juez Presidente, Señor Negrón Fernández, así como el Juez Asociado, Señor Hernández Matos, no intervinieron.