Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| JOSÉ ANTONIO TORRES PÉREZ T/C/C JOSÉ ANTONIO TORRES; JOSÉ A. TORRES; MEREVIC TORRES CAMACHO<br><br>Peticionaria<br><br>v.<br><br>ATILANO PADUA PLAZA<br><br>Recurrida | KLCE202300232 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de UTUADO<br><br>Caso Núm.:<br>UT2022CV00435<br><br>Sobre:<br>Desahucio |

Panel integrado por su presidente el Juez Rodríguez Casillas, la Jueza Mateu Meléndez y el Juez Marrero Guerrero.

**Mateu Meléndez, Jueza Ponente**

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de abril de 2023.

Mediante Petición de *certiorari* instada ante este Tribunal de Apelaciones el 9 de marzo del año en curso, comparecieron el señor José Antonio Torres Pérez (t/c/c José Antonio Torres; José A. Torres) y Merevic Torres Camacho. Nos solicitaron que revisemos la *Resolución y Orden* expedida el 22 de febrero de 2023 y notificada el 28, por el Tribunal de Primera Instancia, Sala Superior de Utuado (en adelante, TPI o foro primario).

Evaluados los argumentos del peticionario, así como el derecho aplicable, **denegamos** la expedición del recurso solicitado.

I.

El Sr. José Antonio Torres Pérez y Merevic Torres Camacho (en adelante, parte demandante o parte peticionaria) presentaron la demanda el 9 de octubre de 2022 que inició un proceso sumario de desahucio.[1] La

---

[1] Anejo 2 de la parte peticionaria, págs. 6 – 9.

parte peticionaria alegó ser co-dueños, administradores y/o encargados del inmueble. Añadió, que Atilano Padua Plaza (en adelante, Padua Plaza o demandado – recurrido) ocupaba de manera ilegal determinados inmuebles. La demanda fue enmendada el 11 de enero de 2023.[2]

Luego de varios trámites procesales, el señor Padua Plaza contestó la demanda.[3] Presentó alegaciones responsivas, defensas afirmativas y le solicitó al TPI que convirtiera el procedimiento en uno de carácter ordinario.

Surge del expediente, que la parte peticionaria presentó como prueba el contrato de arrendamiento pactado entre la Sra. Carmen María Camacho González (en adelante, Camacho González) y el señor Padua Plaza.[4] En dicho contrato la señora Camacho González compareció en calidad de arrendadora y dueña del inmueble. El aludido contrato tiene fecha del 17 de noviembre de 2008, y según la parte peticionaria el término del mismo venció. Ante esto, alegó que el recurrido retiene la propiedad de manera ilegal. Añadió, que el recurrido al inmueble se le está dando un uso de carácter comercial.

Así, pues, el señor Padua Plaza indicó que realizó de buena fe mejoras útiles permanentes al inmueble, por lo que, tiene derecho a retener la propiedad hasta que el verdadero dueño le compense el valor de las mejoras. Alegó, que hubo una extensión al contrato de manera verbal, y que ha consignado los cánones de arrendamientos. Adujo, que no hay certeza de quien o quienes son los verdaderos titulares del inmueble, ya que la señora Camacho González falleció el 7 de enero de 2014.[5]

Ante los planteamientos esbozados, el foro de instancia concluyó, que se debe brindar la oportunidad de realizar descubrimiento de prueba,

---

[2] Anejo 6 de la parte peticionaria, págs. 29 – 33.
[3] Anejo 3 de la parte peticionaria, págs. 10 – 16.
[4] Anejo 4 de la parte peticionaria, págs. 19 – 20.
[5] Anejo 5 de la parte peticionaria, pág. 28.

para aclarar todas las interrogantes, por lo que, el proceso sumario quedó derrotado. El TPI dictó *Resolución y Ordenó* la conversión del procedimiento a uno ordinario.[6]

Inconforme, el 9 de marzo de 2023, la parte peticionaria acudió ante este Tribunal de Apelaciones mediante un Recurso de *Certiorari*, alegando los siguientes errores:

> Erró el Tribunal de Instancia al dictar *Resolución y Orden* que convirtiera *motu proprio* el procedimiento de desahucio sumario a uno ordinario. Esta *Resolución y Orden* fue expedida el 22 de febrero de 2023 y notificada el pasado 28 de febrero de 2023.
>
> Erró el Tribunal de Instancia al determinar que el demandante no ha demostrado ser el dueño del inmueble y por las meras aseveraciones generales, vagas y sin prueba de la demandada de la certeza de la titularidad, convertir el procedimiento a uno ordinario.

Atendido el recurso, el 14 de marzo de 2023 emitimos una *Resolución* mediante la cual concedimos a la parte recurrida 10 días para presentar su posición, haciendo la salvedad que, de no comparecer en el término concedido, dispondríamos del recurso sin el beneficio de su comparecencia. Transcurrido el término, sin la comparecencia de la parte recurrida, disponemos del recurso epígrafe.

II.

*-A-*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. Id. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una

---

[6] Anejo 1 de la parte peticionaria, págs. 1 – 5.

conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Sin embargo, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." Id.

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. McNeil Healthcare v. Mun. Las Piedras I, *supra*; Scotiabank v. ZAF Corp et al., 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, injunctions de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." 800 Ponce de León v. AIG, *supra*.

Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
>
> (2) en asuntos relacionados a privilegios evidenciarios;
>
> (3) en casos de anotaciones de rebeldía;
>
> (4) en casos de relaciones de familia;
>
> (5) en casos revestidos de interés público; o
>
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.
>
> McNeil Healthcare v. Mun. Las Piedras I, *supra*.

El examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros. McNeil Healthcare v. Mun. Las Piedras I, *supra*, a la pág. 404; 800 Ponce de León v. AIG, *supra*. Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a considerar al evaluar si se debe o no expedir un recurso de certiorari. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema;

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.;

(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio;

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Así, los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019). La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación." Scotiabank v. ZAF Corp. et al., *supra*, págs. 486-487; Mun. de Caguas v. JRO Construction, *supra*.

*-B-*

El desahucio es el mecanismo que tiene el dueño o dueña de un inmueble para "recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna." Cooperativa v. Colón Lebrón, 203 DPR 812 (2020) al citar a Fernández & Hno. v. Pérez, 79 DPR 244, 247 (1956). Se trata de "uno de los procedimientos más utilizados en nuestro país para reivindicar, mediante trámite y juicio sumario, la posesión y el disfrute de un inmueble". Acosta et al. v. S.L.G. Ghigliotti, 186 DPR 984 (2017), al mencionar a Turabo Ltd. Partnership v. Velardo Ortiz, 130 DPR 226, 234–235 (1992).

Con respecto al procedimiento de desahucio, el mismo está reglamentado por los Artículos 620-634 del Código de Enjuiciamiento Civil,

32 LPRA secs. 2821-2838. Dicho cuerpo que responde al interés del Estado en atender expeditamente la reclamación del dueño de un inmueble, al que le han interrumpido los derechos a poseer y disfrutar su propiedad.

El Art. 620 del Código de Enjuiciamiento Civil dispone que "[t]ienen acción para promover el juicio de desahucio los dueños de la finca, sus apoderados, los usufructuarios o cualquiera otro que tenga derecho a disfrutarla y sus causahabientes". 32 LPRA sec. 2821. Por su parte, el Art. 621 dispone que esta acción sumaria puede interponerse contra cualquier "[p]ersona que detente la posesión material o disfrute precariamente, sin pagar canon o merced alguna. 32 LPRA sec. 2822.

Tratándose de un procedimiento sumario, se busca conseguir, de la forma más rápida y económicamente posible, la reivindicación del derecho a poseer y disfrutar un inmueble, reduciendo al mínimo constitucionalmente permisible el elenco de garantías procesales disponibles a la parte demandada. ATPR v. SLG Volmar-Mathieu, 196 DPR 5, 9 – 10 (2016); Turabo Ltd. Partnership v. Velardo Ortiz, *supra* 234.

El procedimiento sumario de desahucio persigue únicamente la recuperación de la posesión de hecho del inmueble, por lo que el único pronunciamiento en la sentencia de desahucio es si procede o no ordenar el desalojo. Fernández & Hno. v. Pérez, *supra* 248. De ahí que el tratamiento de los demás derechos y cuestiones colaterales correspondan a la acción ordinaria. *Id*.

Tampoco procede dilucidar conflictos de título sobre el bien inmueble mediante el procedimiento sumario de desahucio. C.R.U.V. v. Román, 100 DPR 318, 321 (1971). Existe un conflicto de título cuando una parte demandada en desahucio "produce prueba suficiente que tienda a demostrar que tiene algún derecho a ocupar un inmueble y que tiene un título tan bueno o mejor que el del demandante […]". Id., pág. 322.

La decisión de convertir el trámite sumario del procedimiento de desahucio a uno ordinario descansa en la discreción del juez o jueza del Tribunal de Primera Instancia. Turabo Ltd. Partnership v. Velardo Ortiz, *supra*, pág. 241. Similarmente, "dentro del marco procesal sumario de la Ley de Desahucio, el sano discernimiento judicial será la guía para prorrogar términos, posponer señalamientos y permitir enmiendas a las alegaciones". Id.

III.

Conforme previamente enunciamos, en los señalamientos de errores, la parte peticionaria aduce que incidió el foro recurrido al ordenar *motu proprio* que el pleito sumario de desahucio de autos se tramitara por la vía ordinaria. Señaló, además, que el TPI erró al determinar que la parte recurrida no demostró ser el dueño del inmueble basado en las meras alegaciones de la parte recurrida, y por ello, convirtió el procedimiento en uno ordinario.

Específicamente, señala que fue equivocada la determinación judicial emitida, ya que la parte recurrida no pone en controversia la autoridad y titularidad de la parte peticionaria. Sostiene, que por la prueba sometida y las admisiones de la parte recurrida no habría que celebrar vista ni menos aun convertir el proceso sumario de desahucio en uno ordinario.

Ahora, tal cual indicamos, el auto de *certiorari* es un vehículo procesal discrecional que se encuentra delimitada a las instancias y excepciones que la Regla 52.1 de Procedimiento Civil, *supra*, contiene. Además de lo consignado en la citada norma, a manera de excepción, podemos expedir el auto discrecional del *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; en asuntos sobre privilegios evidenciarios; en casos de anotación de rebeldía, de relaciones de familia o revestidos de interés público; o cuando esperar a una apelación constituya un fracaso a la justicia. Al examinar la

expedición del auto discrecional del *certiorari*, la Regla 40 de nuestro Reglamento establece los indicadores que debemos considerar al evaluar si debemos o no expedir el recurso de *certiorari*.

Evaluada la *Resolución* recurrida, así como el recurso instado por el peticionario, no encontramos ninguna de las instancias contempladas por la Regla 52.1 de Procedimiento Civil, *supra,* que nos permita expedir el auto solicitado. Tampoco tenemos presente ante nos algunos de los criterios que la Regla 40 que este Tribunal establece.

Considerando la normativa arriba expuesta, no encontramos que en la situación de hechos la determinación recurrida sea contraria a derecho, que el foro primario haya incurrido en abuso de discreción o que esté presente cualquier otro de los criterios enunciados en la Regla 40 de nuestro Reglamento de manera que nos sintamos compelidos a interferir con lo resuelto en el caso.

IV.

Por todo lo antes consignado, **denegamos** expedir el auto de *certiorari* solicitado por la parte peticionaria.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones