Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| CONDADO BEACH APARTMENTS, LLC<br><br>Apelante<br><br>v.<br><br>VIVIAN YURET<br><br>Apelada | KLAN202300892 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Sobre: Desahucio por la Vía Sumaria y Cobro de Dinero<br><br>Caso Número: SJ2023CV08551 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

La parte apelante, Condado Beach Apartments, LLC, comparece ante nos para que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de San Juan, el 25 de septiembre de 2023, notificada el 29 de septiembre de 2023. Mediante la misma, el foro primario declaró con lugar una acción de desahucio promovida en contra de la señora Vivien Yuriet (apelada), y, a su vez, desestimó la causa de acción sobre cobro de dinero incoada en su contra.

Por los fundamentos que expondremos a continuación, se confirma la sentencia apelada.

**I**

El 9 de septiembre de 2023, la parte apelante presentó la demanda de desahucio y cobro de dinero de epígrafe. La aquí apelada fue debidamente emplazada.

Conforme surge de la *Sentencia* apelada, el 25 de septiembre de 2023, se celebró la vista en su fondo mediante videoconferencia. Durante la misma, el Condominio compareciente ofreció en

Número Identificador

SEN2023 _____

evidencia el testimonio de su administradora, la señora Brenda López Betancourt. Igualmente, se desprende que también ofreció en evidencia copia de una factura a nombre de la apelada, acreditando una deuda por concepto de cánones de arrendamiento ascendente a $6,921.00. La referida factura fue debidamente admitida. Por su parte, la apelada presentó como prueba a su favor su declaración.

Según lo resuelto por el foro sentenciador, la prueba sometida a su escrutinio demostró que los comparecientes suscribieron un contrato de arrendamiento respecto a una de las unidades del Condominio apelante por un canon de arrendamiento. Al respecto, se estableció que, al referido negocio, y en calidad de arrendataria, también compareció la señora madre de la apelada, al presente de ochenta y cuatro (84) años de edad, quien no fue incluida en el pleito. A su vez, surge que la apelante admitió no haber satisfecho el canon de arrendamiento pactado, ello desde 1 de diciembre de 2022.

Como resultado de lo anterior, el 29 de septiembre de 2023, el Tribunal de Primera Instancia notificó el dictamen que nos ocupa. Mediante el mismo, desestimó la causa de acción sobre cobro de dinero promovido en contra de la apelada, por razón de que la parte apelante no presentó en evidencia el contrato de arrendamiento en disputa. Sobre dicho particular, dispuso que, en ausencia del contrato en controversia, estaba impedido de emitir una determinación certera respecto a la deuda reclamada. Al abundar, expuso que, aun cuando la parte apelante había sometido una factura acreditando cierta deuda al descubierto, la misma no resultaba suficiente para dirimir los respectivos derechos y obligaciones de las partes.

De otra parte, en cuando a la causa de acción de desahucio, el tribunal decretó el mismo solo en cuanto a la aquí apelada. En apoyo a su determinación, expuso que esta admitió la pendencia de

la deuda por concepto de arrendamiento en litigio, hecho que validaba la posesión ilegítima del inmueble. Así pues, a tenor con lo anterior, el Tribunal de Primera Instancia dispuso de la controversia entre las partes y ordenó el desalojo correspondiente bajo los términos dispuestos.

Inconforme, el 6 de octubre de 2023, la parte apelante compareció ante nos mediante el presente recurso de apelación. En el mismo formula los siguientes señalamientos:

> Erró el TPI al limitar el lanzamiento a una sola persona cuando la acción de desahucio es una *in rem*, dirigida a recuperar la posesión de la propiedad.

> Erró el TPI al no permitir el cobro de dinero cuando la deuda reclamada no fue impugnada.

Luego de examinar el expediente de autos, procedemos a expresarnos.

## II

### A

La acción de *desahucio* es un procedimiento especial de carácter sumario y restitutorio de la posesión de un bien inmueble, en virtud del cual se provee para el lanzamiento de quien la detenta ilegalmente. Su finalidad es atender con premura la reclamación el dueño de un inmueble cuyo derecho a poseer y a disfrutar del mismo ha sido interrumpido. *Adm. Vivienda Pública v. Vega Martínez,* 200 DPR 235, 240 (2018); *ATPR v. SLG Volmar-Mathieu,* 196 DPR 5, 11 (2016). A tal efecto, el Artículo 620 del Código de Enjuiciamiento Civil, reza como sigue:

> Tienen acción para promover el juicio de desahucio los dueños de la finca, sus apoderados, los usufructuarios o cualquiera otro que tenga derecho a disfrutarla y sus causahabientes.
> 32 LPRA sec. 2821.

Por su parte, el Artículo 621 del Código de Enjuiciamiento Civil expresa que:

> [p]rocederá el desahucio contra los inquilinos, colonos y demás arrendatarios, los administradores,

encargados, porteros o guardas puestos por el propietario de sus fincas, y cualquier otra persona que detente la posesión material o disfrute precariamente, sin pagar canon o merced alguna.

32 LPRA sec. 2822.

La acción de desahucio no dirime titularidad, sino quién tiene mejor derecho a poseer. *C.R.U.V. v. Román,* 100 DPR 318, 321 (1971).

**B**

Por su parte, "la tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende en gran medida de la exposición del juez o la jueza a la prueba presentada [...]". *Ortiz Ortiz v. Medtronic,* 209 DPR 759, 778 (2022); *Gómez Márquez et al. v. El Oriental,* 203 DPR 783, 792 (2020), citando a *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013). De ahí que las determinaciones de credibilidad que realiza el tribunal primario están revestidas de una presunción de corrección, razón por la cual, en este aspecto, gozan de un amplio margen de deferencia por parte del foro intermedio. *Dávila Nieves v. Meléndez Marín,* supra. Asimismo, como norma, un tribunal apelativo está impedido de sustituir o descartar, por sus propias apreciaciones, las determinaciones de hechos que realiza el foro sentenciador, fundamentando su proceder en un examen del expediente sometido a su escrutinio. *Íd.*

De ordinario, el Tribunal de Primera Instancia es quien está en mejor posición para aquilatar la prueba testifical que ante sí se presentare, puesto que es quien oye y observa declarar a los testigos. *Ortiz Ortiz v. Medtronic,* supra, págs. 778-779*.; Gómez Márquez et al. v. El Oriental,* supra, pág. 792; *López v. Dr. Cañizares,* 163 DPR 119, 136 (2004). En este contexto, el juzgador de hechos goza de preeminencia al poder apreciar sus gestos, contradicciones,

manierismos, dudas y vacilaciones, oportunidad que le permite formar en su conciencia la convicción de si dicen, o no, la verdad.

Ahora bien, la normativa antes expuesta no es de carácter absoluto. Si bien el arbitrio del foro primario es respetable, sus dictámenes están sujetos a que los mismos se emitan conforme a los principios de legalidad y justicia. *Méndez v. Morales*, 142 DPR 26, 36 (1996). Al amparo de ello, el ordenamiento jurídico vigente dicta que el criterio de deferencia antes aludido cede, entre otras instancias, cuando se determina que el juzgador de hechos incurrió en pasión, prejuicio, parcialidad o error manifiesto. *Gómez Márquez et al. v. El Oriental,* supra, pág. 793.

Por otra parte y en vista de que toda sentencia o determinación judicial está protegida por una presunción de corrección y validez, la parte que acude al auxilio del tribunal apelativo, tiene el deber de colocar a dicho foro en condiciones suficientes para que pueda conceder el remedio solicitado. *Morán v. Marti,* 165 DPR 356, 366 (2005). Por tanto, para poder atender en los méritos los argumentos de su recurso, el promovente del mismo no sólo debe discutir a cabalidad los señalamientos alegados, sino, también, acompañarlo con la prueba necesaria para demostrar el error o el abuso de discreción invocado. *Íd.* Sobre ello, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> [...] cuando un peticionario señala errores dirigidos a cuestionar la apreciación de la o suficiencia de la prueba, la naturaleza del derecho apelativo requiere que éste ubique al foro revisor en tiempo y espacio de lo ocurrido en el foro primario utilizando alguno de los mecanismos de recopilación de prueba oral, como lo son: (1) transcripción de la prueba; (2) exposición estipulada o; (3) exposición narrativa.
>
> *Pueblo v. Pérez Delgado,* 2023 TSPR 35, 211 DPR ___, pág. 16.

En ausencia de alguno de los mecanismos de prueba antes indicados, los tribunales de mayor jerarquía no pueden cumplir a cabalidad la función revisora que les asiste. *Pueblo v. Pérez Delgado,*

supra, pág. 17. Así pues, si la parte apelante no coloca al tribunal intermedio en la posición de ponderar y adjudicar los errores señalados, procede la desestimación del recurso que atiende o la confirmación del dictamen apelado. Bajo estas circunstancias y en lo aquí pertinente, en ausencia de la trascripción de la prueba testimonial, el tribunal intermedio sólo revisará la comisión de un error de derecho cuando éste claramente se desprenda del expediente apelativo. *Santos Green v. Cruz,* 100 DPR 9, 15 (1971).

**III**

En la presente causa, la parte apelante plantea que el Tribunal de Primera Instancia erró al decretar la acción de desahucio solo en contra de la aquí apelada. A su vez, aduce que el foro primario incidió al desestimar la causa de acción de cobro de dinero, toda vez que, a su juicio, la deuda reclamada quedó establecida. Habiendo entendido sobre los referidos señalamientos, a la luz de los hechos probados y la norma aplicable, confirmamos la sentencia apelada.

La parte apelante cuestiona la apreciación que de la prueba efectuó el tribunal sentenciador, ello en cuanto a la determinación relativa a la deuda objeto de la acción de cobro de dinero. Sin embargo, no sometió ante nos copia de la transcripción de los procedimientos, de modo que nos colocara en posición tal de poder entender sobre su planteamiento. Por tanto, en ausencia de la trascripción oral, nuestra intervención se ciñe a atender cuestiones puramente normativas a la luz de la evidencia expresamente contenida en el expediente apelativo que atendemos. Al amparo de dicha premisa, no podemos sino resolver que, conforme surge del expediente de autos, la prueba sometida al escrutinio del tribunal primario no gozó de la suficiencia debida a los fines de definir, con exactitud, la liquidez y exigibilidad de la deuda en cuestión. Sobre ello, pudimos constatar que, tal cual resuelto, la factura con la cual

la parte apelante apoyó su reclamación, incluía ciertas partidas cuyo origen no estaba especificado. Así pues, en estricto derecho, esta no estableció la concurrencia de los elementos propios a la causa de acción sobre cobro de dinero.

Por su parte, respecto a la acción de desahucio, intimamos que la determinación del tribunal estuvo plenamente respaldada por la admisión de la apelada, ello en cuanto a que, como arrendataria contratante, dejó de pagar los cánones de arrendamiento pactados. Siendo ello así, ciertamente procedía decretar su lanzamiento de la propiedad en disputa, toda vez que, la falta de pago suprimió el derecho a poseer que se le reconoció en el contrato de arrendamiento correspondiente.

En mérito de lo antes expuesto, sostenemos el dictamen apelado en toda su extensión. Ahora bien, advertimos a la parte apelante que, a fin de legitimar su reclamo respecto a la madre de la apelada, quien, según establecido, también figuró como parte en el contrato en controversia, debe presentar una acción independiente que le permita ejecutar el derecho que exige. Para ello, y por tratarse de una persona de avanzada edad, se debe dar cumplimiento a las formalidades aplicables según provistas en el Artículo 623 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2824.

**IV**

Por los fundamentos que anteceden, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones