El Municipio de Añasco, demandante y apelante, *v.* José R. Vélez, demandado y apelado.

No. 6389.—*Sometido:* Mayo 2, 1934. *Resuelto:* Junio 10, 1935.

*Ildefonso Freyre,* abogado del apelante; *M. Figueroa del Rosario,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Éste es un caso en que el Municipio de Añasco inició un pleito de desahucio alegando que el demandado ocupaba en precario una parcela de terreno situada en la Plaza Principal, perteneciente al demandante, en la que se había construído un kiosco. En realidad, la verdadera cuestión envuelta en este caso es el derecho del demandado a plantear un conflicto de títulos con respecto al kiosko de que está en posesión. De la evidencia presentada no hay duda de que el municipio es el dueño del terreno en que el kiosko está

construído, y tampoco puede haberla de que el demandado es el verdadero dueño y poseedor del kiosko.

En los alegatos se discute algo sobre la suficiencia de la descripción del sitio en que el kiosco está ubicado pero no tenemos duda de que tanto después como antes del juicio, por enmienda o en alguna otra forma, las partes estuvieron debidamente informadas del sitio en que se levantaba dicho kiosco.

La prueba tendió fuertemente a demostrar, según halló la corte, que el kiosco fué construído sobre ese terreno hace unos veinticinco años por Vicente Barletta. Cambió de dueño varias veces hasta que llegó a poder del demandado. La prueba tendió igualmente a demostrar que el demandado compró el kiosco del dueño inmediatamente anterior y se admitió que él pagaba por el agua y quizá por otras cosas que adquiría; que ni él, ni ninguno de los anteriores dueños, pagaban nada al municipio por el uso del kiosco. De los autos consta que el demandado pagó contribuciones por el kiosco mismo, aparentemente al Pueblo de Puerto Rico.

La corte inferior halló o concluyó, según sea el caso, que el demandado ocupaba el kiosco a virtud de una concesión héchale por el municipio. El Secretario Auditor de Añasco trató de negar la concesión, pero admitió que no tenía en su poder constancia alguna anterior a 1920. Admitió, además, que según sus libros, quizá con una excepción, nadie pagaba por solares en el Municipio de Añasco.

La corte inferior no trató de averiguar exactamente cuál era la naturaleza del derecho de que disfrutaba el demandado, sino que se conformó con decir que hubo una concesión, que surgió un conflicto de títulos y que el mismo no podía ser resuelto en un procedimiento de desahucio, citando varios casos de este Tribunal.

██ Nos sentimos inclinados a convenir con el apelado en que cuando se demuestra, como en el presente caso, que el edificio fué construído hace más de veinte y cinco años y que el demandado y sus causantes han estado usando y dis-

frutando el mismo durante todo ese período de tiempo a ciencia y paciencia del municipio, surge la presunción de que existe un permiso o. concesión del municipio.

No es un absurdo que el apelado sostenga que después que el municipio ha permitido que un hombre y sus causantes ocupen un kiosco en la plaza por espacio de más de veinticinco años su derecho a estar en el mismo no puede ser atacado o resuelto en un procedimiento de desahucio.

El apelante puede estar enteramente en lo cierto al sostener que el demandado no podía adquirir un derecho permanente al kiosco; que el municipio siempre tendría derecho a revocarle la licencia valiéndose del recurso adecuado. Gran parte del alegato del apelante se refiere al derecho claro del municipio y a la ausencia de un derecho en el demandado.

El apelado llama nuestra atención hacia el hecho de que en Puerto Rico se han construído kioscos generalmente en las plazas públicas, pero, sin embargo, esta costumbre no podría impedir que determinado municipio pusiera fin a la misma.

Somos del criterio que el remedio adecuado del demandante en este caso hubiera sido proceder de conformidad con la sección 70 de la Ley Municipal (Leyes de 1928, pág. 391). Copiamos dos párrafos de dicha sección, a saber:

"La asamblea municipal podrá, a petición, conceder solares a perpetuidad, para la construcción de casas en los mismos, en las condiciones que fije aquélla en ordenanza aprobada al efecto; y una vez concedido un solar como queda dicho, tendrá el dueño de la casa construída en él, el uso de dicho solar durante todo el tiempo que mantuviere allí un edificio en buenas condiciones, de acuerdo con los reglamentos establecidos en dicha ordenanza.

"  *        *        *        *        *        *        *

"Cuando la Asamblea Municipal estimare llegado el caso de tratar de la caducidad de una de estas concesiones, se citará al concesionario, con antelación de treinta (30) días por lo menos, para que comparezca ante la Asamblea y exponga su derecho, en sesión que al efecto se celebrará. Oído que sea el interesado, la Asamblea resolverá de

acuerdo con la ley y de conformidad con la prueba justificada; y la resolución que adopte será firme, si el concesionario no acude en el término de treinta (30) días de notificársele la resolución, estableciendo la oportuna demanda ante la corte de distrito del distrito a que el municipio pertenezca; y visto de nuevo el caso en dicha corte, la decisión de ésta será definitiva."

Colegimos de esta ley que es la asamblea municipal la que tiene el derecho administrativo a determinar quién ha de ocupar los sitios públicos, en caso de que alguien deba ocuparlos; y que al demandado debió dársele la oportunidad de ser oído ante la asamblea municipal.

Hemos examinado alguna de la jurisprudencia al efecto de que el arrendatario de un puesto en el mercado tiene derechos. *State* v. *Burkett,* 119 Md. 609, 87 Atl. 514, citando el de *Green* v. *Western National Bank,* 86 Md. 280, 38 Atl. 131, en que se resolvió que tales derechos participan de la naturaleza de una servidumbre. No vamos al extremo de decir que el derecho a un kiosco es de la naturaleza de una servidumbre en Puerto Rico, mas hacemos referencia a estos casos en el sentido de que sostienen la conclusión de que el dueño de un kiosco tiene un derecho del que no puede privársele mediante un procedimiento de desahucio.

Las partes también han discutido el alcance del caso de *La Ermita* v. *Collazo,* 41 D.P.R. 596, por un lado, y por el otro los de *Schuck* v. *Verdejo,* 43 D.P.R. 955 y *Rubert Hnos.* v. *Hernández,* 43 D.P.R. 960, así como el de *Saldaña* v. *Concejo Municipal de San Juan,* 15 D.P.R. 37, pero ninguna de estas citas tiene aplicación específica alguna a los hechos del caso que tenemos ante nos. Quedan así resueltos tres de los señalamientos de error.

El apelante no nos convence de que hubo un abuso de discreción al imponerle las costas.

*La sentencia apelada debe ser confirmada.*

El Juez Presidente Sr. Del Toro no está conforme con la condena en costas al municipio. Tampoco con todos los fundamentos de la opinión.