VILLA PESQUERA LA COAL
Demandante-Apelada

v.

SAMUEL VALDERRAMA SANTIAGO, NORMA I. REYES Y LA
SOCIEDAD DE GANANCIALES POR ELLOS COMPUESTA
Demandados-Apelantes

Núm. KLAN-95-01049

San Juan, Puerto Rico a 6 de mayo de 1997

Panel integrado por su presidente, Juez Negrón Soto
y los Jueces González Román y Urgell Cuevas

González Román, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Mediante el presente recurso se apela de una sentencia dictada el 11 de agosto de 1995 por el Tribunal de Primera Instancia, Sala Superior de San Juan, que ordena a la parte apelante proceda a desalojar el local de restaurante que opera en la propiedad arrendada por la parte apelada, a devolver la caseta que ocupa en dicha villa pesquera y a remover todas las embarcaciones que tenga en dicha propiedad.

## I

La parte apelada, Villa Pesquera La Coal, Inc., (La Coal), representada por su Presidente, el Sr. Efraín Santiago (señor Santiago), presentó demanda de desahucio en precario contra los apelantes Sr. Samuel Valderrama Ocasio (señor Valderrama), Norma I. Reyes y la sociedad de gananciales por ellos compuesta. La Coal alegó que el señor Valderrama estableció sin autorización un negocio, conocido como *"Rest. Sammy y Norma"*, dentro de los predios de la villa pesquera en San Juan. Alegó, además, que la parte apelante no tiene autorización para continuar utilizando la caseta de guardar equipo de pesca y las tres embarcaciones que mantiene en la villa.

La Coal expuso que es una corporación sin fines de lucro debidamente inscrita en el Departamento de Estado del Estado Libre Asociado de Puerto Rico y que tiene un contrato de arrendamiento otorgado con el Departamento de Agricultura del Estado Libre Asociado de Puerto Rico sobre los predios donde ubica la villa pesquera.

Los apelantes alegaron que La Coal no es dueña de la propiedad y carece de legitimación activa para llevar la acción de desahucio. También alegaron que están en posesión del terreno con el consentimiento del dueño, que han ocupado la propiedad por más de veinte años, que las facilidades pesqueras son para el uso de los pescadores y que el señor Valderrama es un pescador con licencia, que tiene permiso de A.R.P.E., paga patente municipal y tiene licencia para vender bebidas y cigarrillos.

El 25 de mayo de 1995 se celebró la vista en su fondo. Las partes presentaron prueba documental y testifical. Eventualmente, el tribunal recurrido dictó sentencia declarando con lugar el desahucio y ordenando al apelante desalojar la propiedad. De esta sentencia los apelantes recurren y plantean cinco señalamientos de error, a saber:

*"A. Las determinaciones de hecho del tribunal sentenciador son contrarias a la prueba y no están avaladas por los testimonios y evidencia presentados.*

*B. Erró el tribunal al no determinar que la apelada carece de legitimación activa ("standing") para instar una acción de desahucio en precario.*

*C. Erró el tribunal sentenciador al determinar que el demandado-apelante es un precarista.*

*D. Erró el Tribunal al basar sus conclusiones de Derecho en disposiciones legales que son inaplicables a los hechos de este caso.*

*E. Erró el Tribunal de Instancia [sic] al imponer honorarios de abogado a la parte apelante."*

Con respecto al primer señalamiento de error, nos solicita el apelante que intervengamos con la apreciación de la prueba que llevó a cabo el Tribunal de Primera Instancia. Sostiene que las determinaciones de hechos decimotercera (13), decimocuarta (14), decimoquinta (15) y la decimosexta (16) son contrarias a la prueba y a los testimonios presentados.

Reiteradamente se ha establecido que los jueces del Tribunal de Primera Instancia y los jurados son quienes están en mejor posición de aquilatar la prueba y que su apreciación merece gran deferencia en el foro apelativo. No se intervendrá con la apreciación de la prueba en ausencia de pasión, prejuicio, parcialidad o error manifiesto, o a menos que un análisis integral de la prueba así lo justifique. *Pueblo v. Echevarría Rodríguez*, ___ D.P.R. ___ (1991), **91 J.T.S. 43**, pág. 8567; *Pueblo v. Falcón Negrón*, 126 D.P.R. 75, 79 (1990); *Pueblo v. Fradera Alamo*, ___ D.P.R.___, (1988), **88 J.T.S. 95,** pág. 6087; *Pueblo v. Miranda Ortíz*, 117 D.P.R. 188, 191 (1986).

## II

Analizadas detenidamente las conclusiones de hechos del Tribunal de Primera Instancia y las alegaciones del apelante, no sentimos en nuestro ánimo un sentido de insatisfacción o intranquilidad de conciencia que estremezca nuestro sentido de justicia. ■ Vemos que las alegaciones del apelante sobre error en la apreciación de la prueba no aportan elementos suficientes para establecer prejuicio, parcialidad, pasión o error manifiesto. Más bien se limitan a establecer contradicciones entre la

conclusión del juzgador y aquella que propone el apelante. En adición, hemos examinado la Exposición Narrativa de la Prueba y de la misma no surge que las determinaciones del tribunal apelado sean contrarias a la prueba recibida por éste. Concluimos que no se cometió el primer señalamiento de error.

### III

En síntesis, en el segundo señalamiento de error, el señor Valderrama alega que La Coal no tiene legitimación activa para instar la acción de desahucio en contra del apelante porque en el contrato de arrendamiento entre La Coal y el Departamento de Agricultura, al describirse la propiedad objeto del arrendamiento, no se hace expresión sobre el predio de terreno donde enclava el negocio que éste opera. No tiene razón el apelante. La referida cláusula dispone:

*"---PRIMERA: Que el DEPARTAMENTO es dueño de la siguiente propiedad:*

*Consistente en dos módulos de madera tratada que contiene cuatro (4) armarios, estructura que incluye servicios sanitarios; área para guardar tanques de gasolina (actualmente utilizado como jueyera); dos (2) muelles de cuarenta pies (40') de largo, una rampa, tablaestaca de ciento veinte pies (120') de largo. Dicha propiedad está localizada en el Muelle 10, Puerta de Tierra, San Juan, Puerto Rico".*

El Código Civil, ■ referente a la interpretación de los contratos, dispone que *"se estará al sentido literal de sus cláusulas"*, y *"si las palabras parecieren contrarias a la intención evidente de los contratantes, prevalecerá ésta sobre aquéllas"*. En busca de la intención de los contratantes, es imperativo realizar un análisis lógico. Procede preguntarnos, ¿qué sentido tendría para La Coal arrendar al Departamento de Agricultura la propiedad descrita en el contrato, incluyendo facilidades de acceso al mar para embarcaciones (rampas) si los predios de terreno donde están enclavadas las facilidades y que dan acceso al lugar no están incluidos en el arrendamiento? Evidentemente, un arrendamiento bajo estos términos, en el caso particular de La Coal, no tendría ninguna razón lógica. El propósito del Departamento de Agricultura es fortalecer la industria de la pesca y la calidad de vida de aquéllos que tienen como medio de subsistencia esta industria. Por ello, no guarda sentido ceder las facilidades descritas al Departamento de Agricultura si no están incluidos los predios donde están ubicadas las mismas.

Dice Vázquez Bote sobre las obligaciones del arrendador que junto a la entrega de la cosa propiamente dicha se deberán entregar los accesorios de ella que sean necesarios para su uso ordinario. ■

Concluimos que el contrato de arrendamiento entre el Departamento de Agricultura y La Coal incluye la propiedad descrita en la cláusula primera y los predios de terrenos que, habiendo sido cedidos por la Autoridad de Tierras al Departamento de Agricultura, razonablemente facilitan el uso pactado de la propiedad, incluyendo, obviamente, el predio de terreno donde ubica el restaurante que opera el apelante.

Habiéndose concluido que La Coal es arrendataria de los predios donde ubica el restaurante del apelante, consecuentemente tiene acción directa contra éste para solicitar del tribunal su desalojo. ■ No se cometió el segundo error.

### IV

Precarista es aquel que posee, retiene o disfruta en aquello que se tiene sin título, por tolerancia o por inadvertencia del dueño. ■ Nuestro Tribunal Supremo, en *C.R.U.V. v. Román,* 100 D.P.R. 318, 326 (1971), ha descrito que la situación del precarista es aquella en la que no puede haber posibilidad de título. En estos casos es de perfecta aplicación el procedimiento dispuesto por la Ley de Desahucio, Código de Enjuiciamiento Civil de Puerto Rico, 31 L.P.R.A. sec. 2821, *et seq.* Enjuiciamiento Civil de Puerto Rico, 31 L.P.R.A. sec. 2821, *et seq.*, que autoriza la acción por el dueño de una finca contra cualquiera persona que detente la posesión material o disfrute precariamente de la misma sin pagar canon o merced alguna. ■ Las disposiciones de la mencionada ley han sido explicadas por el Tribunal Supremo de España, en su sentencia de 3 de mayo de 1963 en la forma siguiente:

*"Que el desahucio en precario, para ser eficaz en Derecho, ha de apoyarse en dos fundamentos: de parte del actor, la posesión real de la finca a título de dueño, de usufructuario o cualquier otro que le de derecho a disfrutarla; y por parte del demandado, la condición de precarista, es decir, según la doctrina jurisprudencial muy reiterada, la ocupación del inmueble sin otro título que la mera tolerancia del dueño o poseedor, ya porque nunca haya tenido título que justifique el goce, o bien porque, teniendo en tiempo virtualidad, lo haya perdido".*

## V

La doctrina reconoce, sin embargo, que el precarista puede invertir su título, sustituyendo la posesión de precario a la posesión en concepto de dueños. Las alegaciones relativas a un derecho de posesión, para ser permitidas, deben ser determinadas, de lo contrario se vulneraría el procedimiento de desahucio y por ende, se destruiría el propósito de la ley. ■ El apelante alega tener el negocio de restaurante desde hace más de veinte (20) años con el conocimiento, y consentimiento tácito de la Autoridad de los Puertos y del Departamento de Agricultura. El Tribunal de Primera Instancia en sus conclusiones de hechos, con las cuales no intervendremos, considerando la prueba recibida, concluyó que: *"el Sr. Valderrama (el apelante) admitió que no tiene contrato ni autorización escrita por parte de la Autoridad de los Puertos, del Departamento de Agricultura ni de la Asociación de Pescadores para establecer y u operar dicho negocio".* Las alegaciones del Sr. Valderrama relativas a que no es un precarista no establecen que él, mediante sus actos, haya invertido su título sustituyendo la posesión de precario a la posesión en concepto de dueño. En síntesis, concluimos que el apelante no posee evidencia de la existencia de un contrato de arrendamiento con la villa pesquera, la Autoridad de Tierras o con el Departamento de Agricultura en virtud del cual ampare su derecho a permanecer en el lugar. Tampoco ha evidenciado actos mediante los cuales haya invertido su título, por lo que no erró el Tribunal de Primera Instancia al determinar que el apelante es un precarista. No se cometió el tercer señalamiento de error.

En cuanto al cuarto señalamiento, es suficiente hacer referencia a la propia sentencia apelada para concluir que las disposiciones legales en las que basan sus conclusiones de derecho son correctas. Las referencias al Código de Enjuiciamiento Civil, así como la jurisprudencia citada sobre la acción de desahucio, las refrendan.

## VI

Por último, el señor Valderrama alega que en este caso no procede la imposición de honorarios de abogado, pues sostiene que lo que hizo fue defenderse de una acción frívola por parte de una apelada que no tenía derecho alguno a iniciarla. En la discusión de los señalamientos de error anteriores concluimos que La Coal es arrendataria de los terrenos donde ubica la villa pesquera, que son los mismos terrenos donde está ubicado el restaurante del señor Valderrama. También concluimos que el señor Valderrama no posee evidencia de la existencia de un contrato de arrendamiento con la villa pesquera, con la Autoridad de Tierras o con el Departamento de Agricultura. A base de estas determinaciones, surge con claridad que el Sr. Valderrama, al presentar alegaciones responsivas contra la demanda de desahucio presentada por La Coal, no actuó a base de una creencia razonable de que era acreedor de algún derecho reconocido por ley o contrato que le facultara a defender su permanencia en el lugar, cuyo desalojo se le solicitaba. Esta actitud obligó a la apelada a litigar un pleito que se pudo haber evitado. Consecuentemente, no erró el Tribunal de Primera Instancia al imponer honorarios de abogado a la parte apelante.

## VII

Por los fundamentos anteriormente expuestos, se confirma la sentencia apelada.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 97 DTA 108

**1.** *Pueblo v. Cabán Torres,* 117 D.P.R. 645, 652 (1986).

**2.** Código Civil de Puerto Rico, Art. 1233, 31 L.P.R.A. sec. 3-471.

**3.** Eduardo Vázquez Bote, *Tratado Teórico Práctico y Crítico de Derecho Privado Puertorriqueño,* Tomo IX, Equity Publishing Company, 1992.

**4.** *"Tienen acción para promover el juicio de desahucio los dueños de la finca, los usufructuarios y cualquiera otro que tenga derecho a disfrutarla, y sus causahabientes."* Código Enjuiciamiento Civil, 1933, Art. 620, 32 L.P.R.A. sec. 2821.

*"El arrendador no está obligado a responder de la perturbación de mero hecho que un tercero causare en el uso de la finca arrendada; pero el arrendatario tendrá acción directa contra el perturbador."* Código Civil, 1930, Art. 1450, 31 L.P.R.A. sec. 4057.

**5.** *Diccionario General Ilustrado de la Lengua Española,* Vox, Primera Edición, 1991, Barcelona, pág. 882.

**6.** *Vélez Cordero v. Medina*, 99 D.P.R. 113, 120 (1970).

**7.** *Schuck v. Verdejo*, 43 D.P.R. 955 (1932).